## STATE v. MORRIS.

INDICTMENT: *Misjoinder of offenses in.*

The offenses of exhibiting a gambling device and knowingly permitting it to be exhibited in a house owned or occupied by the accused are not the same, but distinct; and if charged in the same indictment it will be quashed upon demurrer, unless the prosecuting attorney will elect upon which he will prosecute.

APPEAL from *Sebastian* Circuit Court.                    •
Hon. R. B. RUTHERFORD, Circuit Judge.

State v. Morris.

*D. W. Jones*, Attorney General, for Appellant.

The indictment charges but one offense, committed in different modes and by different means, which is allowable. *Mansfield's Digest*, Secs. *1827–30, 2108*; and the suggestion of the prosecuting attorney was sufficient to show only one offense was charged.  *32 Ark., 203; 33 Ib., 176, 180; 34 Ib., 436.*

The case should have been referred to another grand jury, and Appellee been held to answer a new indictment.  *Mansfield's Digest, Sec. 2169.*

COCKRILL, C. J.  The indictment in this case contains two counts.  One is framed under the first section of the gaming act (*Mansfield's Revised Statutes, Sec. 1827*), and charges the Appellee with setting up a gaming table.  The other is found under the fourth section of the same act (*Ib., Sec. 1830*) and charges the same person with knowingly permitting a gambling table to be exhibited in a house occupied by him.

INDICTMENT: Misjoinder of offenses.

The Defendant demurred to the indictment upon the ground that two offenses were charged against him.  The prosecuting attorney suggested to the Court, as the record discloses, that the same offense was charged in different modes for the purposes of meeting the contingencies of the proof, and disclaimed the intention of prosecuting for more than one offense. The Court, however, sustained the demurrer, and the State refusing to elect upon which count the prosecution should proceed, a judgment discharging the defendant was entered and the State appealed.

The practice of putting the State to her election between counts in an indictment, for offenses less than a felony, was introduced into the practice in this State by the Criminal Code. Formerly, in cases of misdemeanors, the joinder of several offenses in one indictment was permissible.  *State v. Holland, 22 Ark., 242.*  Now, where more than one offense is charged in an

indictment it is a ground of demurrer. *Mansfield's Revised Statutes, Secs. 2164, 2108.* These provisions are applicable as well to misdemeanors as felonies. *State v. Brewer, 33 Ark., 176; State v. Lancaster, 36 Ib., 55; Bridges v. State, 37 Ib., 224; State v. Rhea, 38 Ib., 555.* The indictment must charge but one offense, but when the offense may have been committed in different modes or by different means, the prosecutor may join a number of counts, charging the offense in as many forms as he thinks the exigencies of the case may demand. This is done to enable the State to meet the varying forms of the proof, and prevent a variance between the allegations as to the mode or means in or by which the offense was committed, and the proof adduced at the trial. The rule is illustrated by reference to the cases, *State v. Jourdan, 32 Ark., 203; State v. Brewer, 33 Ib., 176; Howard v. State, 34 Ib., 433; State v. Lancaster, 36 Ib., 55; Bridges v. State, 37 Ib., 224; State v. Rhea, 38 Ib., 555.* The cases cited show, too, that when it is not apparent from the face of the indictment that but one offense is intended, the prosecuting attorney may obviate the necessity of making an election, by stating to the court that all of the counts go to the commission of the same offense. Where, however, it is obvious that the several counts cannot relate to one offense, the election to proceed upon one should be required at once. The present case appears to come within this rule. The offense of exhibiting a gambling device, created by the first section of the statute cited, and that of knowingly permitting the device to be exhibited in a house owned or occupied by the accused, are not one and the same. *Steth v. State, 13 Ark., 680.* Both sections look to the same end, the suppression of banking games, but they are aimed at different persons and different sources of the evil. The prosecutor may charge a crime under either section in as many counts as the description of the offense will allow, but as long as the statute inhibits him from joining two distinct offenses, a count under each of the sections

·cannot keep company in the same indictment. When the objection is taken, the State must make choice between them or go out of court.

The Circuit Court did not err in sustaining the demurrer, and the judgment is affirmed.