## STATE *v.* WELBON.

Opinion delivered June 3, 1899.

SUBSTITUTION OF INDICTMENT—IDENTITY OF OFFENSE.—An indictment against a railway station agent for a violation of the "separate coach act" of February 23, 1891, charged that said agent did then and there unlawfully and wilfully fail and refuse to keep open a separate waiting room for the African race, as provided by law. A subsequent indictment charged that, certain persons of the African race occupying the rooms set aside and provided for the white race, said agent "did there wilfully neglect to assign said passengers and persons of the African race to the rooms provided and used for the African race, and that he did unlawfully neglect to eject said persons of the African race from said room so provided for the white race. *Held,* that if the first indictment charged a violation of the "separate coach act," the second one charged a different offense, so that the latter could not be substituted for the former. (Page 511.)

Appeal from Lawrence Circuit Court, Eastern District.

FREDERICK D. FULKERSON, Judge.

*Jeff Davis,* Attorney General, and *Chas. Jacobson,* for appellant.

If there was any doubt as to the sufficiency of the first indictment, re-indictment was the proper course. 32 Ark. 236. The second indictment superseded the first. Sand. & H. Dig. § 2099. The first indictment should have been quashed. 50 Ark. 541. The time during which it was pending is not to be computed as part of the time of limitation of prosecution for the offense. Sand. & H. Dig. § 1957; 42 Ark. 109.

*J. E. Williams* and *Dodge & Johnson,* for appellee.

The two indictments are not for the same offense, nor would they be sustained by the same evidence. Hence section 2099, Sand & H. Dig., does not authorize the substitution of one for the other. 50 Ark. 28.

HUGHES, J. This appeal is taken from an order of the circuit court of Lawrence county overruling a motion of the state to substitute one indictment for another. The

appellee was indicted first on the 10th day of March, 1898, by the grand jury of Lawrence county, charged with violating the law in regard to the comfort of railway passengers by unlawfully and wilfully failing and refusing to keeping open a separate waiting room for the African race, and the said crime was charged to have been committed on the 1st day of February, 1898. At the March term of said court, 1899, on the 10th day of March, the grand jury of said county returned an additional indictment against the same appellee, charging him with violating the law in regard to the comfort of railway passengers by neglecting to assign certain passengers of the African race to the room provided and used for said race, and permitting the said passengers to occupy the room provided for the white race, and the second count in the same indictment charged him with failing to eject said persons of the African race from such room. The latter indictment the state, through the prosecuting attorney, on the 17th day of March, asked to substitute for the former indictment by motion to quash indictment No. 29 and proceed on indictment No. 116. This motion was by the court overruled.

Section 2099 of Mansfield's Digest reads as follows: "If there shall be at any time pending against the same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such indictment, and shall be quashed." This section has received the construction of this court in a former case, as follows: "Where two indictments against the same defendant are so diverse as to preclude the same evidence from sustaining both, and where each sets out an offense differing in all its elements from that in the other, they are not for the 'same offense' within the meaning of this section." State v. Hall, 50 Ark. 28. The two indictments must, therefore, be for the same offense, and what constitutes the same offense, or the test for determining whether they are the same offense, is there laid down and defined to be the same evidence sustaining both, and, further, that out of the same facts a series of charges shall not be preferred.

Omitting the formal parts, and giving the charging parts of the indictments side by side, the indictments are as follows:

| | |
|---|---|
| The first charges that the said agent did then and there unlawfully and willfully fail and refuse to keep open a separate waiting room for the African race as provided by law. | The second charges that, certain persons of the African race * * occupying the waiting rooms set aside and provided for the white race, the said C. M. Welbon did there willfully neglect to assign said passengers and persons of the African race to the rooms provided and used for the African race, to which said passengers and persons belonged; and the second count charges that he did then and there unlawfully neglect to eject said persons of the African race from said room so provided for the white race. |

The sections of the statute under which these indictments were found are as follows: Section 2 of the act, approved February 23, 1891, entitled, "An act to promote the comfort of passengers on railway trains, and for other purposes," provides: "That the officers of such passenger trains and the agents at such depots shall have power, and are hereby required, to assign each passenger or person to the coach or compartment or room used for the race to which such passenger or person belongs. * * * Any officer of any railroad company assigning a passenger or person to a coach or compartment or room other than the one set aside for the race to which said passenger or person belongs shall be liable to a fine of twenty-five dollars. * * . * Should any passenger or any other person not a passenger, for the purpose of occupying or waiting in such sitting or waiting room not assigned to his or her race, enter said room, said agent shall have the power, and it is hereby made his duty, to eject such person from such room." * * * Section 3 of this act provides: * * * "Any agent at such depot who shall

refuse or neglect to carry out the provisions of this act shall, on conviction, be fined not less than twenty-five dollars nor more than fifty dollars for each offense." Acts 1891, pp. 16, 17. The act approved April 1, 1893, amends only section 1 of the foregoing act, and leaves sections 2 and 3 unmodified. Acts 1893, p. 200. ·

If the first indictment charges any violation of the statute by the agent of the railroad company, the second one charges a different and distinct offense. The prosecuting attorney might have dismissed the first indictment, and the grand jury might have thereupon found the second, and thus saved the case from the operation of the statute of limitations. But we do not think he could substitute one for the other.

The judgment of the circuit court is affirmed.

Bunn, C. J., and Battle, J., not participating.