HUDSON *v.* STATE.

Opinion delivered May 9, 1927.

CRIMINAL LAW—FORMER JEOPARDY.—Under Crawford & Moses' Digest, § 3311, providing that "conviction before a police or mayor's court or before a justice of the peace shall be a bar to further prosecution for the same offense, or for any misdemeanor embraced in the act committed, defendants, convicted of gaming on Sunday under § 2739, cannot be prosecuted for gaming growing out of the same transaction, under § 2639; the latter offense being included in the former.

Appeal from Clay Circuit Court, Western District; *G. E. Keck,* Judge; reversed.

*Raley & Ashbaugh,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

HART, C. J. Appellants prosecute this appeal to reverse the judgment against them for the crime of gaming.

The record shows that, on Sunday the 19th day of October, 1924, officers came upon appellants while they were engaged in a poker game in Kilgore Township, in the Western District of Clay County, Arkansas. The appellants promised the officers to appear before a justice of the peace in the township on the next morning to answer to the charge of gaming. On that same night an affidavit for the arrest of the appellants, charging them with "gaming on the Sabbath day," was sworn out before a justice of the peace, and the appellants appeared before said justice of the peace on the same night and entered a plea of guilty to the crime of "gaming on the Sabbath day." They were fined $25 each, and, upon the payment of the fine and costs adjudged against them, they were all discharged.

Subsequently the appellants were arrested and brought before another justice of the peace, charged with the crime of gaming. They interposed a plea of former conviction. It being shown that the charge of gaming was the same transaction as the charge of "gaming on the Sabbath day" to which they pleaded guilty, the appellants were discharged. Later they were indicted for the crime of gaming, and interposed a plea of former conviction in the circuit court for that offense. It was shown that the offense of gaming for which the appellants were indicted in the circuit court was the same transaction as that for which they were convicted before the justice of the peace on the plea of guilty.

The punishment for gaming, under § 2639 of Crawford & Moses' Digest, is a fine in any sum not less than $10 nor more than $25. The fine of each of the appellants was fixed by the circuit court at $10. The punishment for gaming on Sunday is a fine in any sum not less than $25 nor more than $50. Crawford & Moses' Digest, § 2739.

The Attorney General seeks to uphold the judgment under the authority of *Sparks* v. *State,* 88 Ark. 520, 114 S. W. 1183. In that case it was held that a former conviction for the offense of gaming does not bar a prosecution for gaming with a minor, though the two offenses grow out of the same transaction, the two offenses being distinct. The lowest penalty provided by the statute for gaming is $10 and for gambling with a minor $50. On this account the court held that § 3311 did not apply. That section was construed in *Champion* v. *State,* 110 Ark. 44, 160 S. W. 878, where it was held that a town ordinance directed against selling liquor by the "blind tiger" device and the statute of the State against selling liquor without license are the same, and the conviction under one will, for the same offense, bar a prosecution under the other.

Section 3311 reads as follows: "Whenever any party shall have been convicted before any police or mayor's court or before any justice of the peace or circuit court, said conviction shall be a bar to further prose-

cution before any police or mayor's court, or justice of the peace or circuit court, for such offense or for any misdemeanor embraced in the act committed; provided, no such conviction before any police or mayor's court shall be a bar unless the penalty imposed is at least the minimum penalty prescribed by State laws for the same offense or act.''

Under that section we are of the opinion that the plea of former conviction interposed by appellants should have been sustained. They entered a plea of guilty in the justice court to the crime of gaming on the Sabbath, and their punishment was fixed at a fine of $25. The question of collusion in that prosecution does not arise here, for no attempt has been made by the State to set it aside. Appellants are simply charged with gaming under another section of the statute which provides a lower punishment. The sole reliance of the State to uphold the judgment and sentence of conviction is that gaming, under § 2639, and gaming on Sunday, under § 2739, are distinct and separate offenses. As we have already seen, the punishment for gaming on Sunday is a fine not less than $25 nor more than $50, while betting on cards carries a fine in any sum not less than $10 nor more than $25. Hence we are of the opinion that the crime of gaming is embraced in the crime of gaming on Sunday, and that the conviction for the latter crime operates as a bar to the conviction of the former, which is a misdemeanor embraced in the act committed, and for which the appellants entered a plea of guilty.

It follows that the judgment will be reversed, and, inasmuch as the facts are undisputed, the cause will be dismissed here. It is so ordered.