## Young v. State.

### Opinion delivered February 6, 1928.

1. CRIMINAL LAW—FORMER ACQUITTAL.—A former acquittal of seduction will not preclude a trial for the killing of an unborn quick child, though the woman involved in each case was the same and the same general testimony might be adduced at the trial.

2. CRIMINAL LAW—IMPROPER ARGUMENT OF PROSECUTOR.—Where, in a prosecution for the killing of an unborn quick child, the prosecuting attorney in his closing argument remarked, "I dare say that everybody within the sound of my voice will say that it is as plain a case as they ever heard," such remark, if error, was harmless, where the court admonished the prosecuting attorney that his remark was improper, and directed the jury to disregard it.

Appeal from Sevier Circuit Court; *B. E. Isbell*, Judge; affirmed.

*H. W. Applegate*, Attorney General, and *John L. Carter*, Assistant, for appellee.

WOOD, J. Dewey Young was indicted in the Sevier Circuit Court for the crime of killing an unborn quick child. He was tried, convicted, and sentenced by judg-

ment of the court to imprisonment in the State Penitentiary for a period of five years, from which judgment is this appeal.

1.    The defendant entered a plea of former jeopardy. The district attorney and the counsel for appellant agree that the following are the facts concerning such plea: "About a year and a half ago the defendant was tried in the Howard County Circuit Court upon a charge of seduction growing out of the same state of facts, and the same witnesses who testified in that case will be used in the trial of this case, and the facts as developed in that case will be approximately the same as will be developed in this case. Upon a trial of the issues in that case a verdict of not guilty was returned by the jury." The trial court ruled correctly in overruling the plea of former acquittal.    The statute under which the present indictment was lodged against the appellant provides as follows:

"The willful killing of an unborn quick child by any injury to the mother of such child which would be murder if it resulted in the death of such mother, shall be adjudged manslaughter." Section 2357, C. & M. Digest.

The above statutory offense is wholly separate and distinct from the offense of seduction as defined in § 2414 of C. & M. Digest.    Although the same testimony might be adduced on the trial of the same party for the killing of an unborn child as was adduced at the trial on a charge of seduction, that is not the test, because, as we have stated, the crimes of seduction and killing of an unborn quick child are entirely different.    The proof to sustain the one would not sustain the other, and the accused might be acquitted on the one charge and convicted on the other, although the same witnesses testified and the same facts were developed as far as relevant in each of the cases.    In a charge of seduction it will be necessary for the State, in order to sustain the charge, to prove that the accused had sexual intercourse with the prosecutrix under an express promise of marriage. But no such proof would be essential to the crime of

killing an unborn quick child, although, in the development of the circumstances of the alleged killing of the unborn quick child, proof of sexual intercourse between the mother and the accused might become competent and relevant testimony. The court therefore did not err in overruling appellant's plea of former jeopardy.

2. There are twenty-three assignments of error in the motion for a new trial. The appellant has not favored the court with a brief arguing these several grounds of his motion, but the Attorney General has made a complete and impartial abstract of the record, and calls to our attention the several grounds of appellant's motion for a new trial. Since this is a felony case, notwithstanding the fact that no brief has been filed for the appellant, we have examined the grounds of his motion for a new trial, and find that the court did not err in overruling such motion. The indictment was valid. It followed substantially the language of the statute. The charge of the court was full, fair, and correct. The rulings of the court on the admission of testimony were likewise correct, and there was evidence to sustain the verdict.

The prosecuting attorney in his closing argument used the following language: "I dare say that everybody within the sound of my voice will say that it is as plain a case as they ever heard." The defendant objected to the remark, and the court admonished the prosecuting attorney that his remarks were improper, and directed the jury to disregard them. The remarks were but the expression of the opinion of the prosecuting attorney. It is not at all probable that a sensible jury would be influenced by such an *ad captandum* argument. It occurs to us that such remarks were not calculated to prejudice the rights of the appellant, but, even if we were mistaken as to this, the admonition by the court that such remarks were improper and directing the jury to disregard them, removed all possibility of any prejudice being created in the minds of the jury against the appellant.

The record presents no new questions in criminal law that would be useful as a precedent, and therefore

we do not discuss all the grounds of the motion for a new trial.

Since there is no error in the rulings of the trial court, its judgment must be affirmed. It is so ordered.