RAPERT *v.* STATE.

4569                                    223 S. W. 2d 192

Opinion delivered October 3, 1949.

*W. Leon Smith,* for appellant.

*Ike Murry,* Attorney General and *Arnold Adams,* Assistant Attorney General, for appellee.

MINOR W. MILLWEE, Justice. Appellant was convicted in Blytheville Municipal Court of the offense of speeding. On appeal to Circuit Court the case was tried before the circuit judge sitting as a jury and appellant was found guilty and assessed a fine of $5.00.

The only question presented is whether there was substantial evidence to support the trial court's conclusion that appellant was driving a motor vehicle upon a highway "at a speed greater than was reasonable and prudent under the conditions then existing".

The facts are undisputed. Tom Smalley, a member of the State Police, testified: "Q. State to the Court the circumstances of the arrest; what caused you to arrest him and so forth. A. I was entering Blytheville on Highway 158, commonly known as the air base road. He passed me on the highway at a high rate of speed at the first curve just at the city limits. Q. What kind of a vehicle was it? A. A one and a half ton truck tractor. He was detached from his trailer. I turned and followed him for two and a half miles and stopped him at the first entrance to the air base. Q. Did you get by? A. Yes, sir, I clocked him. Q. Did you clock him? A. Sure, an accurate clock of 58 miles per hour. Q. You say he was driving a ton and a half tractor? A. Yes, sir, (Mr. Smith: You said, 'Tractor'. It wasn't a tractor, it was a truck.) Q. Was it a Chevrolet truck? A. Truck-tractor, that they pull a semi-trailer with. Q. Could you also put a bed on that and make a one and a half ton truck out of it? A. Yes, sir, it could be done. Q. The only difference between that and what is commonly known as a one and a half ton truck, you would just have to put a bed on that? A. Yes, sir. Q. And this has a fifth wheel to pull a trailer? A. Yes, sir."

Ark. Stats. (1947), § 75-601, prohibits the driving of any vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. It further designates certain speeds which, if exceeded, shall be prima facie evidence of unlawfulness. Sub-section (b) of the statute prohibits speeds upon the

highway greater than the following: "1. Passenger vehicles sixty (60) miles per hour. 2. Passenger busses and half-ton trucks fifty-five (55) miles per hour. 3. Trucks carrying five tons or less with brakes on all wheels forty-five (45) miles per hour. 4. Trucks carrying more than 5 tons and not more than seven and one-half (7½) tons, brakes on all wheels, forty (40) miles per hour. 5. Trucks carrying three (3) tons, without brakes on all wheels, trucks carrying seven-one-half (7½) tons or more and all school busses, thirty-five (35) miles per hour, providing, however, that school busses equipped with brakes on all wheels when carrying children over main highway on journeys attending athletic contests, etc., may be operated not to exceed 45 miles per hour." By Sub-section (c) a driver is not relieved from the duty to decrease speed when approaching and going around a curve by the fact that he is driving at a speed lower than the prima facie limits fixed by the statute.

Appellant contends that the vehicle operated by him is a "truck-tractor" as defined in Ark. Stats. (1947), § 75-403 (a) and not a "truck"; and that the speed of this type vehicle is not restricted by § 75-601, supra, other than it not be driven at a speed which would be unreasonable and imprudent under existing conditions. According to Webster's New International Dictionary, 2d Ed., the original meaning of "truck" seems to have been a strong small wheel, but the word is now applied generally to "any of numerous vehicles for transporting heavy articles." The vehicle here involved is what is commonly called a "bob-tail truck" in that it was being operated without a trailer. It is, nevertheless, a truck, and not a passenger vehicle, within the meaning of the statute. Under the evidence here it is unnecessary to determine whether § 75-601, supra, prohibits the driving of any truck at a speed in excess of 55 miles per hour.

The undisputed testimony shows that appellant was driving his vehicle at a high rate of speed on a curve "just at the city limits," and that the officer immediately pursued him for two and one-half miles and clocked his speed at 58 miles per hour. This evidence was substan-

tial and sufficient to support the judgment of the trial court that appellant was driving at a greater speed than was reasonable and prudent under the conditions then existing.

Affirmed.