ROLLER *v.* STATE.

4820

283 S. W. 2d 150

Opinion delivered October 10, 1955.

[Rehearing denied November 21, 1955.]

*John C. Sheffield,* for appellant.

*Tom Gentry,* Attorney General, and *Thorp Thomas,* Asst. Atty. General, for appellee.

J. SEABORN HOLT, J. December 21, 1954, appellant was charged by information with the crime of manslaughter as follows: "The said defendant on the 18th day of December, 1954, in Phillips County, Arkansas, did unlawfully, and feloniously operate his automobile upon the highways in a negligent and careless manner with willful, wanton and reckless disregard for the safety of others using said highways and did strike one Neville Hollowell and inflict upon him severe injuries from which said injuries he died."

A jury trial, May 9, 1955, resulted in the verdict of guilty of the crime as charged and his punishment fixed at a term of one year in the penitentiary. From the judgment is this appeal.

Appellant relies for reversal on the single ground that the evidence was not sufficient to support the verdict. We do not agree.

The evidence viewed in the light most favorable to the State was that about 5:00 o'clock p. m. December 18, 1954, Sergeant Galloway, of the State Police, went to the

scene of a collision of automobiles at a point near a bridge on the paved highway which runs east and west between Helena and Barton, Arkansas. On arrival he testified that he found one car off the highway in the ditch and another car involved was on the highway in the south traffic lane headed east. The north lane was clear. Officer Galloway directed Otto Vonkendal, father of Paul Vonkendal—who was involved in the first collision, to go across the east end of the bridge to flag oncoming traffic. Meanwhile Galloway, Junior Phillips and Neville Hollowell were pushing the damaged car off the highway. The first collision that occurred, before the officers reached the scene, happened about 235 feet from the east end of the bridge. Before Otto Vonkendal had reached the bridge he heard appellant's car coming and called to Galloway, "Dwight, look out, here he comes," and he tried to slow appellant down with a flashlight, but appellant made no attempt to stop but "plowed into" the car they were pushing off the highway. The pavement was dry and there were no skid marks following this collision. Officer Galloway was struck by appellant's car and knocked about 20 feet into a ditch at the side. When he got up he saw Phillips had been knocked down the road and the little Hollowell boy (who later died from his injuries) was lying unconcious with his left leg severed below the knee. Appellant, after he got out of his car, was staggering around in a drunken condition. Galloway said he smelled whiskey on appellant, who frankly admitted he had consumed about two-thirds of a bottle of whiskey that afternoon and that he was going between 50 and 55 miles per hour when the mishap occurred. Appellant further testified:

"A. . . . there were people standing around the cars.

"Q. Weren't you looking at the car before you hit it?

"A. No, sir, I saw some people around it, but it happened so fast I couldn't tell about it.

"Q. If the road was, as you say, wet and it was just dusk dark and your lights didn't do much good, do you think you were using proper precautions along there under those circumstances?

"A. No, sir, I guess I wasn't."

It was not dark at the time. The testimony of other witnesses tended to corroborate Officer Galloway.

Appellant testified that he was not drunk, that the road was slick, that he applied his brakes in an effort to avoid the collision but went into a skid and could not stop. As pointed out there was evidence on the part of the State that the pavement was dry and that there were no signs of skid marks.

The section of the statute under which appellant was convicted reads:

Stats. § 41-2209, Ark. Stats. 1947 — "Involuntary manslaughter defined.—If the killing be in the commission of an unlawful act, without malice, and without the means calculated to produce death, or in the prosecution of a lawful act, done without due caution and circumspection, it shall be manslaughter. Provided further that when the death of any person ensues within one [1] year as a proximate result of injury received by the driving of any vehicle in reckless, willful or wanton disregard of the safety of others, the person so operating such vehicle shall be deemed guilty of involuntary manslaughter. [Rev. Stat., ch. 44, div. 3, art. 2, § 3; C. & M. Dig., § 2356; Pope's Dig., § 2982; Acts 1947, No. 169, § 1, p. 397.]"

We hold that there was ample evidence to support the State's contention that appellant was at the time of collision driving his car in "a reckless, willful, wanton disregard of the safety of others" and that the jury was warranted in so finding and in rendering a verdict of guilty. See *Campbell* v. *State,* 215 Ark. 785, 223 S. W. 2d 505.

There is no complaint as to any of the instructions. Finding no error, the judgment is affirmed.