WARREN *v.* STATE.

Opinion delivered December 7, 1908.

ASSAULT—CONVICTION OF EXCESSIVE DEGREE—REDUCTION OF PUNISHMENT.— Where a conviction of an aggravated assault is not sustained because no assault with a deadly weapon, instrument or other thing is shown, but the evidence sustains a conviction of a simple assault, the case will be reversed with directions to sentence for the latter offense, unless the Attorney General asks that the case be remanded for a new trial.

Appeal from Nevada Circuit Court; *Jacob M. Carter,* Judge; reversed.

*Hamby & Haynie,* for appellant.

There is no proof to sustain a conviction of aggravated assault. Kirby's Digest, § 1587.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

The evidence clearly shows an abandoned and malignant disposition on the part of the assailants, and is sufficient to sustain the verdict, under the statute. Kirby's Digest, § 1587. It is immaterial whether Warren actually kicked Tardy or not; it is manifest that he aided, participated in and assented to the commission of the crime. 45 Ark. 361.

BATTLE, J. John P. Warren was indicted by grand jury of Nevada County for an assault with an intent to kill one A. H. Tardy, and was convicted of an aggravated assault, and his punishment was assessed at a fine of $500, and imprisonment for one hour in jail; and he appealed.

The evidence adduced in the trial tended to prove the following facts: Appellant and A. H. Tardy met at a hotel in the town of Prescott, in this State, and after conversation for a few minutes took a drink of whisky, and then started out for a walk through a park. While walking, they were overtaken by one Joseph Brown, and Tardy was assaulted and unmercifully bruised and beaten by Brown, while Warren stood by and, despite of the cries of Tardy for help, failed and refused to interfere to aid or relieve him in any way. After a most cruel beating, he was allowed to get up, and had not proceeded far on his way when he was again assaulted, knocked down and beaten.

One witness testified that Warren kicked him in the head while down; and a physician who examined the wounds testified that one or two of the wounds could have been caused by a man's shoe. Other evidence tendered to exonerate the defendant. But there was no evidence to show that Warren assaulted Tardy "with a deadly weapon, instrument or other thing," and he therefore could not have been legally convicted of an aggravated assault (Kirby's Digest, § 1587). The evidence, however, was sufficient to convict Warren of an assault.

In view of the fact that the evidence does not sustain a conviction of an aggravated assault, but is sufficient to convict the appellant of an assault, a degree of the offense charged and in-

cluded in that of which he was convicted, a majority of us (of which the writer is not one) are of the opinion that so much of the judgment of the circuit court as includes the assault and one hundred dollars of the punishment, and the costs, be affirmed, and reversed as to the remainder (*Simpson* v. *State,* 56 Ark. 19; *Vance* v. *State,* 70 Ark. 272, 286; *Darden* v. *State,* 73 Ark. 315, 320), unless the Attorney General shall within fifteen days ask that the judgment of the circuit court be reversed, and the cause remanded for a new trial; and it is so ordered.