## DAVIS AND SMITH *v.* STATE.

Opinion delivered November 23, 1925.

1. INTOXICATING LIQUORS—EVIDENCE.—Evidence *held* sufficient to warrant conviction of possessing a still.

2. WITNESSES—IMPEACHMENT ON CROSS-EXAMINATION.—In a prosecution for making mash fit for distillation and for possessing a still, accused was properly asked on cross-examination as to what had been found in a cold drink stand which he operated, and whether he had not paid a fine for possessing liquors.

Appeal from Union Circuit Court; *L. S. Britt,* Judge; affirmed.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

SMITH, J. Appellants Davis and Smith were tried under an indictment containing two counts, the first of which charged them with making a mash fit for distillation, and the second with possessing a still. They were convicted on the second count, and have appealed.

We have not been favored by appellants with a brief on their appeal, but it appears from the motion for a new trial that the only errors assigned for the reversal of the judgment are that the verdict is contrary to the law and the evidence, and that the court erred in the admission of certain testimony.

Clyde Duck, a witness for the State, testified that he found a still near Smackover in the woods. There were twelve barrels of mash near the still and a number of fruit jars, several of which had contained liquor. The coil and still were disconnected, but the drum in which the mash was boiled was still warm. The witness found the still about three o'clock in the afternoon, and he returned to it the next morning at two o'clock, and remained there until eleven o'clock in the morning, but no one showed up. The following morning witness went back to the still between five and seven o'clock, and he saw appellants come down a trail through a thicket to the still. They came to within a quarter of a mile of the still in a Ford car, and walked the remainder of the distance.

There was an indistinct trail leading through the underbrush from the car to the still, and appellants followed this trail directly to the still. Witness was accompanied by George Lee and two other companions, who were on opposite sides of the still. Witness saw appellant Davis walk up to the barrels of mash and look into them, and appellant Smith walked near Lee, who arrested Smith, and witness arrested appellant Davis.

Lee corroborated Duck, and they testified that there were automobile tracks leading to the path which led to the still, and these tracks were made by the same kind of casing as the one on the car appellants were driving.

Appellant Davis testified that he knew where the still was, as he had run across it one day while hunting squirrels, and that he found a man named Kennedy in charge, who gave him a drink of whiskey, and that he and Smith had gone to the still for the purpose of buying whiskey from Kennedy when they were arrested.

The State offered testimony in rebuttal to the effect that appellants had said that the still belonged to one O'Neal, and Kennedy testified that while he was in jail with appellants they had attempted to induce him to swear that the still did belong to one O'Neal, and he denied that he had anything to do with the still, or that appellants had seen him there, or that he had sold them any whiskey.

We think the testimony set out above warranted the jury in finding that appellants were in possession of the still.

During the cross-examination of appellant Davis, who had testified in his own behalf, he was asked what had been found in a cold drink stand which he operated, and if he had not paid a fine for possessing intoxicating liquor. Upon being required to answer these questions, appellant admitted that he had paid a fine for possessing intoxicating liquor. These were proper questions on the cross-examination. *Holden* v. *State*, 156 Ark. 521.

We find no error in the record, and the judgment is affirmed.