CRAIG *v.* STATE.

Criminal 4088                               120 S. W. 2d 23.

Opinion delivered September 26, 1938.

*Kenneth C. Coffelt* and *Wm. J. Kirby*, for appellant.

*Jack Holt*, Attorney General, and *John P. Streepey*, Assistant, for appellee.

HUMPHREYS, J. Information was filed by W. H. Glover, prosecuting attorney within and for the 7th Judicial Circuit of the state of Arkansas, in the circuit court of Hot Spring county, charging appellant with involuntary manslaughter committed in the following manner to-wit:

"The said defendant (appellant) on the 18th day of September, 1937, in Hot Spring county, Arkansas, did unlawfully, and feloniously, then and there without due caution and circumspection, run into an automobile at a fast rate of speed, and while under the influence of intoxicating liquor, and thereby killing Floyd Hand, and Frank Dorn against the peace and dignity of the state of Arkansas."

Upon a trial of the cause appellant was convicted and adjudged to serve a term of thirty days in the state penitentiary, and has prosecuted an appeal to this court seeking to reverse the judgment.

The testimony reflected by the record, when stated in the most favorable light of the state, shows appellant left Benton in his automobile about 5:30 or 6:00 o'clock for Malvern. He had a bottle of liquor out of which he was drinking, and also, had an unopened bottle in his car. He picked up a young woman who was hitch-hiking and continued on his way traveling at the speed of 60 to 65 miles an hour. A short distance north of Malvern he ran into a car ahead of him and killed two men. These men and two others were pushing their disabled car along the road and trying to crank it. The cars were traveling in the same direction and both were on the

right-hand side of the road. The tail lights on the front car were in good condition and burning. Appellant could have seen the front car a hundred yards, and could have stopped his car, if he had not been traveling so fast, or had he made an effort he could have turned his car to the left, and passed around the front car without running into it. The lady he picked up said he took three drinks before the collision, and after the collision he threw away the full bottle, and requested her to say nothing about it. She also testified that she requested him not to drive so fast, but he answered that he had insurance on himself and his car, and for her not to worry.

The evidence set out above was sufficient to sustain the verdict of the jury, and appellant himself does not seriously contend otherwise.

Appellant's only contention for a reversal of the judgment is that the court committed reversible error in allowing the prosecuting attorney, over his objection and exception, to ask him on cross-examination whether he had been convicted of reckless driving prior to the accident. The trial court permitted the question and required him to answer it as a test of his credibility.

The question was relevant as affecting the credibility of appellant as a witness. *Canada* v. *State,* 169 Ark. 221, 275 S. W. 327; *Davis and Smith* v. *State,* 169 Ark. 942, 277 S. W. 17; *Bowlin* v. *State,* 175 Ark. 1047, 1 S. W. 2d 546; *Lowmack* v. *State,* 178 Ark. 928, 12 S. W. 2d 909.

The judgment is, therefore, affirmed.