Gunter *v.* State.

4209

151 S. W. 2d 85

Opinion delivered May 26, 1941.

*McDaniel & Crow,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

Smith, J. Two informations were filed against appellant, in one of which he was charged with the crime of grand larceny, and in the other with the crime of arson. He entered a plea of guilty upon his arraignment, and was given a sentence of ten years in each case, the sentences to run and be served concurrently.

Subsequent to the rendition of these judgments, but at the same term of court, a motion was filed by appellant in which he prayed that the judgments be set aside and that he be allowed to enter a plea of insanity. In

552

support of this motion several *ex parte* affidavits were filed to the effect that appellant was insane, both at the time when the pleas were entered and when the offenses charged were committed. Upon the filing of this motion the trial judge entered an order that appellant be sent to the State Hospital for Nervous Diseases for examination and report, pursuant to the provisions of Initiated Act No. 3 adopted at general election November 3, 1936, appearing as §§ 3913 *et seq.*, Pope's Digest. He was taken to that institution, where he remained under observation for about thirty days, at the end of which time the required report was made. This report indicates a very thorough examination, which appears to have been conducted by Dr. Hollis, who prepared the report, which was concurred in and signed by four other members of the hospital staff.

The report of the examination and observation is too lengthy to copy, but is summarized as follows:

### "STATE HOSPITAL

"Case No. 43243          Criminal Under Act No. 3
"Year No. 1941                    Name: Clifton Gunter

"January 17, 1941                    8:30 A.M.

"Staff Meeting Report.

"Present: Dr. Davis
        "Dr. Hollis
        "Dr. Gehorsam
        "Dr. Engler
        "Dr. Hawkins

"Case Presented: Clifton Gunter by Dr. Hollis.

"Determined Diagnosis: 236. Psychopathic Personality.

"Dr. Hollis: We could elicit no signs suggestive of mental deficiency nor any signs upon which to pin a definite psychosis. It would seem that in this case we are dealing with a Psychopathic Personality. This is the type of individual who, seemingly, does not profit by his experiences and who persists in anti-social acts sometimes in the face of sure detection. It is quite probable that this

boy is going to be a menace to society as long as he lives. As to whether he should be confined to the State Hospital or in the Penitentiary is a question which time alone will answer for us. I think he is responsible and was responsible at the time he committed the act for which he was indicted.

"Staff agreed to psychopathic personality."

The judgment from which is .this appeal recites the finding that from a consideration of the depositions and the hospital report, appellant was sane, and the motion to set aside the judgments was overruled, and it was ordered that appellant be forthwith taken to the state penitentiary, to begin the service of his sentence, and this appeal is from that judgment.

It was said in the case of *Carson* v. *State,* 198 Ark. 112, 128 S. W. 2d 373, (to quote a headnote): "Under § 3901, Pope's Digest, providing that 'the plea of guilty can only be put in by the defendant himself in open court' and § 3902, providing that 'at any time before judgment the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted,' the right to withdraw a plea of guilty rests in the sound discretion of the trial court, and its action in this regard will be reversed only when it clearly appears that its discretion has been abused."

The motion to permit the plea of guilty to be withdrawn was not overruled upon the ground that it had not been filed until after judgment had been pronounced upon the plea, but was overruled upon the finding that appellant was sane. It was within the discretion of the trial court to determine whether a showing of insanity had been made which should be passed upon by a jury after the entry of his plea of guilty, and we are unable to say that the court abused its discretion in this respect, and the judgment must be affirmed, and it is. so ordered.

MEHAFFY, J., dissents.