MORRIS *v.* STATE.

**4836**                    290 S. W. 2d 624

Opinion delivered May 28, 1956.

*Robert M. Lowe* and *Shaver, Tackett & Jones,* for appellant.

*Tom Gentry,* Attorney General and *Roy Finch, Jr.,* Assistant Attorney General.

MINOR W. MILLWEE, Associate Justice. The principal issue on this appeal is whether the use of a deadly or dangerous weapon is a requisite to the commission of the crime of assault with intent to kill.

On November 16, 1955, appellant was charged by information with the crime of assault with intent to kill by striking and beating Robert Erwin with his fist with the unlawful and felonious intent to kill and murder him. The record reflects that upon being arraigned on November 19, 1955, appellant was advised by the court of the nature of the charge and the punishment that might be inflicted in the event of a conviction. At that time, appellant entered a plea of not guilty after he was advised of his right to court-appointed counsel in the event he was unable to employ an attorney. Appellant assured the court of his ability to employ counsel and the case was set for trial on November 28, 1955. After further conferences with the sheriff and prosecuting attorney and upon their recommendation that he be given the minimum punishment, the appellant changed his plea to one of guilty on November 22, 1955 and was sentenced to one year in the penitentiary.

A penitentiary commitment issued on the date of sentence had not been executed on December 3, 1955 when appellant employed counsel and filed a motion for leave to withdraw the plea of guilty with the alternative pleas that the judgment be arrested and the information quashed or a new trial granted because appellant could not have been guilty of the crime charged by striking the prosecuting witness with his fist as charged in the

information and had pleaded guilty without counsel to so advise him. This appeal is from an order overruling appellant's motion after a hearing.

It is earnestly insisted that the court erred in overruling appellant's motion in arrest of judgment and for leave to withdraw the plea of guilty because, as a matter of law, one cannot be adjudged guilty of assault with intent to kill by merely striking another with his fists under Ark. Stats. Sec. 41-606. The statute reads: "Whoever shall feloniously, wilfully and with malice aforethought, assault any person with intent to murder or kill, or shall administer or attempt to give any poison or potion with intent to kill or murder, and their counsellors, aiders and abettors, shall, on conviction thereof, be imprisoned in the penitentiary not less than one [1] nor more than twenty-one [21] years." Appellant relies on such cases as *Warren* v. *State*, 88 Ark. 322, 114 S. W. 705 and *Wilson* v. *State*, 162 Ark. 494, 258 S. W. 972, which hold that a conviction of the crime of aggravated assault under Ark. Stats. Sec. 41-605 is not sustained by a showing that the defendant inflicted injuries to another by striking with the fists or kicking him. These decisions are based upon the proposition that an injury in such manner does not constitute an assault with "a deadly weapon, instrument or other thing," as that statute requires. In contrast, Section 41-606, supra, does not require the use of a deadly weapon in the commission of the offense of assault with intent to kill.

In the absence of a statute requiring the use of a deadly weapon to constitute the offense, the applicable rule is stated in 26 Am. Jur., Homicide, Sec. 604, as follows: "No particular instrument or weapon need be employed in order to constitute an assault with intent to kill or murder. Such a crime is ordinarily committed by the use of a weapon, the employment of which is calculated to produce death, but the use of such a weapon is not requisite to the commission of the crime." See also 40 C. J. S., Homicide, Sec. 75. Our own decisions are to the effect that an assault with the bare fists may be attended with such circumstances of violence and brutality that an intent to kill will be presumed. In the re-

cent case of *McGaha* v. *State,* 216 Ark. 165, 224 S. W. 2d 534, we affirmed a conviction of murder in the second degree of one who used only his fists, saying: "Since death is not the natural or probable result of a blow with the fist, it seems that no intent to kill will, under ordinary circumstances, be presumed though death results from an assault thus committed. But it has been held in many cases that an assault without a weapon may be attended with such circumstances of violence and brutality that either malice or an intent to kill will be implied. Anno. 15 A. L. R. 675, 24 A. L. R. 666." See also *Howard* v. *State,* 34 Ark. 433, *Pixley* v. *State,* 203 Ark. 42, 155 S. W. 2d 710. Cases from other jurisdictions to the same effect are collected in an exhaustive annotation on the subject in 22 A. L. R. 2d 854.

It is clear from the record that the trial court was fully apprised of all the circumstances surrounding the assault in which the 23-year-old appellant administered a violent and brutal beating to his elderly and totally disabled father-in-law with his fist. While the court stated that permission to withdraw the guilty plea after sentence might involve the issue of double jeopardy, it is clear that he also concluded that the circumstances of the assault fully sustained the offense charged under the foregoing rule. Ark. Stats. Sec. 43-1222 provides: "At any time before judgment, the court may permit the plea of guilty to be withdrawn and a plea of not guilty substituted." In construing the statute, we have repeatedly held that the right to withdraw a plea of guilty rests in the sound discretion of the trial court and that its action in this regard will be reversed only when it clearly appears that its discretion has been abused. *Estes* v. *State,* 180 Ark. 633, 22 S. W. 2d 36. While there is no statute on the subject of withdrawal of a plea of guilty after rendition of judgment, the trial court has the power to set aside its judgment at any time before the expiration of the term and the same rule has been applied in cases where the withdrawal motion was not made until after judgment entry. *McClain* v. *State,* 165 Ark. 48, 262 S. W. 987. *Gunter* v. *State,* 202 Ark. 551, 151 S. W. 2d 85.

476

A review of the entire record convinces us that appellant's motion for permission to withdraw the plea of guilty was not rejected because it had not been filed until after judgment, but was overruled upon findings and under circumstances which failed to disclose any abuse of the court's discretion. The court fully apprised appellant of the nature and gravity of the charge against him. Appellant voluntarily entered the plea of guilty with full knowledge of the consequences of his act in doing so and after being fully advised of his right to counsel under Ark. Stats. Sec. 43-1203. There is nothing in the record to show that he was induced to enter the plea of guilty improperly or that he did so in ignorance of his rights or under any misapprehension of the facts. Under these circumstances, it was within the sound discretion of the trial court to grant or withhold the privilege of withdrawing the plea of guilty, and we are unable to say that there was a clear abuse of such discretion. The judgment is accordingly affirmed.

ROBINSON, J., dissents.