862

5106                                     376 S. W. 2d 673

Opinion delivered March 23, 1964.

*Claude B. Brinton, Bon McCourtney* and *Lawrence Gouldman,* for appellant.

*Bruce Bennett,* Attorney General, By *Jerry L. Patterson,* Asst. Atty. General, for appellee.

Frank Holt, Associate Justice. The appellant, Joe T. Baker, was charged by information with the crime of involuntary manslaughter. Upon a jury trial he was found guilty of the lesser offense of negligent homicide and his punishment assessed at one year imprisonment in the county jail. From the judgment upon that verdict the appellant brings this appeal.

For reversal the appellant first questions the sufficiency of the evidence. It is a most familiar rule that upon appeal the evidence must be viewed in the light most favorable to the appellee and if there is any substantial evidence to support the jury's verdict it must be sustained. *Coffer* v. *State,* 211 Ark. 1010, 204 S. W. 2d 376; *Grays* v. *State,* 219 Ark. 367, 242 S. W. 2d 701;

*Carnal* v. *State,* 234 Ark. 1050, 356 S. W. 2d 651, certiorari denied, 83 S. Ct. 146, 371 U. S. 876. With this rule in mind we proceed to review the evidence in this case.

On March 21, 1962 appellant and his half brother, Tom Baker, were riding in appellant's pick-up truck which was entirely on the wrong side of the road when the truck collided head-on with a vehicle driven by Ray Helton who was accompanied by his wife and child. The appellant and his half brother each contend the other was driving. As a result of the collision Mark Helton, infant child of the Heltons, was killed. The accident occurred on a straight portion of the road about three o'clock in the afternoon and visibility was clear. There was no evidence of skid marks by the Baker vehicle. It came to rest in Helton's lane of traffic. Helton's vehicle was found in the ditch on his side of the road some distance from the point of impact. The appellant and his half brother were thrown from the pick-up truck and appellant was found unconscious on the pavement critically injured. Tom was found in a dazed condition near the scene of the accident.

Through the window of his store a witness observed the appellant's pick-up truck a few seconds before the collision and estimated its speed at 70 to 75 miles per hour as it passed another vehicle. He testified that "you could count to three" after it went out of sight before he heard the impact. A broken vodka bottle was found about three feet from the right side of the truck and beer cans were also found on the floor board of the truck and at the scene of the accident. The investigating officer testified that the appellant had a strong odor of alcohol on his breath. The appellant admitted that he had had three drinks of whiskey from about 12:30 P. M. until 3 P. M. when the accident occurred. Further, that during this time he had purchased a bottle of whiskey, however, he denied opening it. There was no evidence the half brother was drinking. The half brother testified that the appellant was drunk and driving the vehicle on the wrong side of the road at approximately sixty miles per hour when the truck collided head-on with the

Helton vehicle. We think the evidence in this case was amply sufficient to sustain the verdict and judgment. *Craig* v. *State*, 196 Ark. 761, 120 S. W. 2d 23; *Comer* v. *State*, 212 Ark. 66, 204 S. W. 2d 875; *Campbell* v. *State*, 215 Ark. 785, 223 S. W. 2d 505, and *Walker* v. *State*, 237 Ark. 36, 371 S. W. 2d 135.

The appellant specifically questions the sufficiency of the evidence that he was the driver of the pick-up truck. No witness could testify who was driving other than appellant and Tom, his half brother. Appellant testified that Tom had been driving him around from 12:30 P. M. until the accident at 3:00 P. M. Tom admitted that he had made a statement under oath that he and not the appellant was the driver. In repudiating this statement he maintained that the appellant had promised him money to make the statement. He testified that he asked to drive the car since appellant was drunk and that appellant refused. Furthermore, the appellant contends that the physical facts, with reference to the position of the vehicle and where he was found unconscious and where Tom was observed in a dazed condition following the accident, are contrary to his half brother's testimony as to which one was driving the truck. The conflicting evidence as to which one was the driver of the vehicle was a proper question for the jury's determination and it chose to disbelieve appellant's version as it had a right to do. *Lewis and Wren* v. *State*, 220 Ark. 914, 251 S. W. 2d 490.

The appellant also urges "there is no proof of willful or wanton negligence". The answer to this contention is that the appellant was convicted of negligent homicide which, according to Ark. Stat. Ann. § 75-1001 (Repl. 1957), only requires sufficient proof that the appellant operated his vehicle in a reckless or wanton disregard for the safety of others. The jury was so instructed by Instruction No. 10 without any objection to it. The word "willful" is not contained in this statute. It was deleted by Act 174 of 1955 as an amendment to this statute.

Finding no error in any of appellant's contentions, the judgment is affirmed.