STOCKTON *v.* STATE

5127                                        388 S. W. 2d 382

Opinion Delivered March 29, 1965.

*Sam L. Anderson,* for appellant.

*Bruce Bennett,* Atty. Gen., *By Jack L. Lessenbery,* Chief Asst. Atty. Gen., for appellee.

FRANK HOLT, Associate Justice. The appellant was charged by an information with the crime of second degree murder as a result of the death of his wife. A jury found him guilty and assessed his punishment at nine years in the State Penitentiary. From the judgment based upon this verdict the appellant appeals, relying upon three points for reversal.

Appellant's first contention questions the sufficiency of the evidence especially with reference to the required element of malice. On this appeal we must review the evidence in the light most favorable to the appellee and if there is any substantial evidence to support the verdict of the jury it must be sustained. *Baker* v. *State,* 237 Ark. 862, 376 S.W. 2d 673.

At about 5 P.M. on the day of the alleged murder the officers responded to appellant's call to come to his residence. They found appellant's wife sitting in a chair partially covered by a quilt. Appellant was in a drunken condition and repeatedly said that a George Andrews had stolen some diamonds. He urged his wife to tell the officers about it. At first she refused to answer his entreaties, however, she finally said: "He didn't steal them, I gave them to him." The officers left advising the appellant to secure a warrant of arrest. About four hours later, or 9 P.M., the officers responded to another call from an unknown source to repeat the investigation at this residence. Upon arrival they found appellant very drunk and he continued his complaint that certain rings were missing. When queried as to the whereabouts of his wife, appellant replied that she was in an adjoining room and undressed. Appellant went into this room and was overheard talking to his wife about the missing jewelry. The officers had observed that the house showed signs of violence. The venetian blind had been pulled off the back door, pieces of furniture were broken, and the house generally was is a state of disorder. The officers also noted that appellant's pants and shoes were bloody. Upon overhearing the appellant talking to his wife about the jewelry, they looked into the room and discovered his wife lying on the floor in a pool of blood. She was groaning and appeared to be unconscious. She died within a few hours after being removed to the hospital. The appellant refused to make any statement except to consistently maintain that he could not remember what happened. No weapon was ever discovered. As a witness, appellant testified on cross-examination that the diamonds would "go" to him.

According to the medical evidence, appellant's wife died as a result of a brutal beating. She had been beaten so severely that her hands were swollen, the top of one hand being denuded, one ear was almost torn off, her face was bruised and very swollen, there was caked or dried blood in both nostrils, the temples on both sides were "soft and boggy," there was a deep crease or wound behind one of the ears, and her ribs were broken on both sides with multiple contusions on her chest, sides and arms. According to the medical evidence these injuries appeared to have been administered with a club, hand or foot and her death resulted from a recent beating. The appellant was sixty-four years of age and his wife, to whom he had been married twelve years, was eighty-nine years of age and infirm.

Appellant erroneously argues that there is insufficient evidence of malice since no weapon was ever found. It is not material as to the manner of the killing further than to show the disposition of mind. Ark. Stat. Ann. § 41-2202 (Repl. 1964). Our statutes also provide that when no considerable provocation appears or all the circumstances of a killing manifest an abandoned and wicked disposition, then malice shall be implied. Ark. Stat. Ann. § 41-2204 (Repl. 1964); *Taylor* v. *State,* 82 Ark. 540, 102 S. W. 367; *Clardy* v. *State,* 96 Ark. 52, 131 S.W. 46. Certainly the cruelty and brutality manifested in the killing of the deceased is sufficient in the case at bar to supply the inference of malice. We have upheld convictions when the accused aggressor used only his fists. *McGaha* v. *State,* 216 Ark. 165, 224 S.W. 2d 534; *Morris* v. *State,* 226 Ark. 472, 290 S.W. 2d 624. ee, also, 22 A.L.R. 2d 854; 26 Am. Jur., Homicide, § 306.

The use of the fists or the act of stomping can be most deadly, especially when the blows are often repeated and applied to vital and delicate parts of the body of a defenseless person. We think the evidence in the case at bar is more than ample to sustain the jury's verdict of second degree murder.

Appellant next contends that the court erred by failing to instruct the jury in regard to circumstantial evi-

dence. We do not find that any objection was made to the instructions given and, further, appellant did not request an instruction on circumstantial evidence. It was the duty of the appellant to offer a correct instruction covering his theory of the case. *Hays* v. *State,* 219 Ark. 301, 241 S.W. 2d 266; *Baker* v. *State,* 215 Ark. 851, 223 S.W. 2d 809.

Appellant further urges for reversal that the trial court erred in permitting the prosecuting attorney to argue certain matters during the closing arguments. The record shows only one occasion where an objection was made by appellant. The trial judge admonished the jury that it should consider only the evidence and disregard any opinion advanced by the attorneys in their argument. The appellant apparently was satisfied since no exception was noted following this admonition. In less than a capital offense it is necessary that both an objection and an exception be noted to an adverse ruling in order to preserve a point for review upon appeal. *Hicks* v. *State,* 225 Ark. 916, 287 S.W. 2d 12; *Hardaway* v. *State,* 237 Ark. 966, 377 S.W. 2d 813.

Finding no errors the judgment is affirmed.