FREEMAN *v.* STATE

403 S. W. 2d 61

Opinion delivered May 23, 1966

*Charles E. Scales* and *Harold L. King,* for appellant.

*Bruce Bennett,* Attorney General; *Lance Hanshaw,* Asst. Attorney General, for appellee.

PAUL WARD, Justice. Samuel Theodore Freeman, appellant herein, was charged with the crime of murder in the first degree. He was convicted as charged and sentenced to life imprisonment. The State contended appellant unlawfully, feloniously, wilfully and with malice aforethought killed Mrs. Dorothy Lee Owens on December 3, 1964.

On December 6, 1964 Mrs. Owens' body was found in appellant's apartment on Scott Street in Little Rock with a window cord tightly wound around her neck. The appearance of her body indicated to the coroner she had been dead many hours.

The trial court appointed two attorneys to represent appellant, and also committed him to the Arkansas State

Hospital for Nervous Diseases for observation for a period not exceeding thirty days.

After appellant had entered a plea of not guilty and a plea of not guilty by reason of insanity, he was tried and convicted on October 27, 1965. In due time a motion for a new trial was made and overruled, and this appeal follows.

Appellant pointed out numerous errors in his motion for a new trial, and on appeal he relies on five alleged errors as grounds for a reversal. All the grounds relied on are included in and will be discussed under the points hereafter discussed.

Before discussing the several grounds alluded to we point out that none of them pertain to the defense of not guilty by reason of insanity. In other words, it is not contended here that appellant was insane when Mrs. Owens was killed or at the time he was tried. It does appear in the record, however, that appellant was examined by the hospital doctors, that he was found to be sane, and that the question of his sanity was submitted to the jury under instructions which are unchallenged here.

*One.* Although the state produced no witness who saw appellant kill Mrs. Owens, we think the established facts and circumstances, coupled with his own statements, constitute substantial evidence to support the jury's verdict of guilty.

It is not disputed that appellant and Mrs. Owens had been together on several occasions before she was killed on or about December 3, 1964, or that he lived in the apartment where her body was found. On Sunday December 6, 1964, when appellant was arrested at Searcy by the sheriff of White County, he informed the sheriff he had found the body in his room. Thereupon he was turned over to the officers in Little Rock. The coroner, who examined the body that afternoon in ap-

pellant's room, testified the body was black and swollen; it was on the bed and there was a cord, resembling a venetian blind cord, around her neck, and; that, in his opinion, Mrs. Owens' death was caused by strangulation.

The record contains a lengthy written statement signed by appellant, in which he admitted; he took the deceased to his apartment on the night of December 3, 1964; in entering the apartment he broke the key; they undressed, took a few drinks, and went to bed; when he awoke the next morning he had a funny feeling and didn't feel good; he turned on the light and saw the deceased with a cord around her neck, and, then he realized what he had done. A police testified he found the broken piece of the key in the door to the apartment and that it matched with the broken key found on appellant. Other portions of appellant's written statement were corroborated by state witnesses.

We point out that much of appellant's written statement indicates the possibility of his insanity but, as previously pointed out, the doctors and the jury found otherwise.

*Two.* Appellant's attorneys insist the case should be reversed because the state's evidence fails to establish deliberation, premeditation, and malice. We can see no merit in that argument under the facts in this case. In *House* v. *State,* 230 Ark. 622, 324 S. W. 2d 112 this same question was raised and answered. We said: "But deliberation and premeditation may be inferred from the circumstances of the case . . . ", citing *Weldon* v. *State,* 168 Ark. 534, 270 S. W. 968. Likewise, malice may be implied. Ark. Stat. Ann. § 41-2204 (Repl. 1964) reads:

"Malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing manifest an abandoned and wicked disposition."

In the recent case of *Stockton* v. *State,* 239 Ark. 228, 388 S. W. 2d 382, we find this statement:

"Certainly the cruelty and brutality manifested in the killing of the deceased is sufficient in the case at bar to supply the inference of malice. We have upheld convictions when the accused aggressor used only his fists."

We submit that few killings portray such cruelty and brutality as are shown by the record in this case.

*Three.* Finally, it is contended by appellant that the trial court erred in refusing to give an instruction on manslaughter. We do not agree.

Ark. Stat. Ann. § 41-2207 (Repl. 1964) defines manslaughter as "the unlawful killing of a human being, without malice express or implied, and without deliberation". In the very recent case of *Walker* v. *State,* 239 Ark. 172, 388 S. W. 2d 13 (decided March 15, 1965), we said:

"Where there was no testimony tending to prove that a defendant was guilty of any offense lower than first degree murder, the trial court has not been required to instruct on any other grade of homicide."

Certainly there was no such testimony in this case.

A complete answer to appellant's contention under this point is found in the case of *Jones* v. *State,* 102 Ark. 195, 143 S. W. 907 where we held it was not error for a trial court to refuse to instruct on manslaughter where the defendant was found guilty of murder in the first degree under proper instructions. The *Jones* case was cited with approval in *Newsome* v. *State,* 214 Ark. 48 (p. 51), 214 S. W. 2d 778.

The judgment is affirmed.