## Samuel T. FREEMAN *v.* Ralph ROBERTS

5495                                    453 S. W. 2d 21

Opinion delivered April 27, 1970

L. W. Rosteck, for appellant.

*Joe Purcell,* Attorney General for appellee.

Conley Byrd, Justice. Appellant Samuel T. Freeman's life conviction of the murder of one Dorothy Lee Owens was affirmed by this court *(Freeman v. State,* 240 Ark. 915, 403 S. W. 2d 61) in 1966.

For reversal of the trial court's denial of post conviction relief appellant urges that his constitutional rights under the 14th amendment were violated (1) "in that the purported confession was illegally obtained due to his physical and mental state," and (2) the alleged confession was neither free nor voluntary, and defendant was not advised of his constitutional rights before making or signing same.

Review of the record convinces us that there is no merit in appellant's contentions. Testimony at the hearing includes a lengthy examination of appellant,

the three Little Rock police officers to whom the confession was made and the two attorneys who represented appellant at the murder trial.

Briefly, the chronology of December 3, 1964, the date of his arrest is as follows: about 1:00 P.M., appellant delivered himself into the hands of the White County sheriff at Searcy, who telephoned the Little Rock police to come get appellant. Two Little Rock officers went for him about 5:00, and interrogation at Little Rock started somewhere between 7:00 P.M. and 8:00 P.M. and ended before 1:00 A.M. During that time a four-page handwritten statement was taken by the officers as appellant talked, (written in part by one officer who got writer's cramp, and completed by a second officer) and a visit was made by appellant and the officers to the murder scene where appellant re-enacted the murder. Appellant does not deny signing the statement, nor signing a comprehensive waiver, also handwritten, on the back page of his statement.

Appellant's principal complaint is that he was denied food and water. The officers all testified that he didn't ask for food, and that water and other liquids were available. The gist of appellant's and the officers' testimony is that appellant wanted to get his story told, and, as one officer stated, "I never met a more cooperative prisoner under the conditions that he was under than Sam Freeman was."

We find nothing in the record to indicate that appellant's confession was anything other than freely and voluntarily given or that he was not fully advised of his constitutional rights, even though this occurred prior to *Miranda* v. *Arizona*, 384 U. S. 436, 16 L. ed. 2d 694, 86 S. Ct. 1602, 10 ALR 3rd 974 (1966).

Affirmed.