State v. Hall.

STATE v. HALL.

1, CRIMINAL PROCEDURE: *Two indictments for same offense or matter.*
When two indictments against the same defendant are so diverse as to preclude the same evidence from sustaining both, and when each sets out an offense differing in all its elements from that charged in the other, they are not for the "same offense" or "matter" within the meaning of *Sec.* 2130 *Mansf. Dig.*, although they both relate to the same act, or, transaction.

State v. Hall.

2. SAME: *Same: Murder and carrying weapons.*
  The defendant was indicted for carrying a weapon, and on his motion the in-
  dictment was quashed, because he was also indicted at the time for murder and
  the two indictments referred to the same transaction. *Held:* That murder and the
  carrying of weapons not being degrees of the same offense, but being offenses without
  necessary relation to each other and of different elements, may both be committed
  by the same person at the same time; and it was therefore error to sustain the
  defendant's motion.

APPEAL from *Miller* Circuit Court.

C. E. MITCHELL, Judge.

*D. W. Jones,* Attorney General, for appellant.

I. The two crimes of murder and carrying a pistol are not of the same generic class. The elements of the one do not enter into the other. One is a felony, the other a statutory misdemeanor. A conviction or acquital of one could not be successfully pleaded as a bar to the other. 38 *Ark.* 550; 42 *Id.* 270.

If they are not the same offense, then there are not two indictments pending for the same crime or matter.

SMITH, J. Hall was indicted for carrying a pistol as a weapon; and on his motion the indictment was quashed because, simultaneously with the preferring of this charge, the grand jury had also indicted him for murder; it being admitted that the two indictments referred to the same transaction. The court seems to have considered that the wearing of arms was the first step in the commission of the homicide and that the misdemeanor was merged in the felony.

It was a rule of the common law, that where the same criminal act fell within the definition of a misdemeanor and likewise of a felony, the less culpable offense was extinguished in the higher. Thus robbery included an assault. On an indictment for the felony, there could be no conviction for the constituent misdemeanor; and conversely, if the offense charged was a misdemeanor,

State v. Hall.

but the proof showed a felony had been committed, the prisoner must be acquitted, but could subsequently be preceeded against for the larger crime. 1 *Bishop Cr. Law, sixth Ed. secs.* 786-7, 804, *et seq.;* 1 *Wharton Cr. Law, 9th Ed. secs.* 27 *and* 27· *a* ; *Rex v. Evans,* 5 *Carr & P.* 552, [24 *E. C. L. R.* 704] ; *Regina v. Anderson,* 2 *Moody & Rob* 469. *For limitations of the doctrine, see Bank Prosecutions, Russell & Ryan,* 378; *Regena & Button,* 3 *Cox Cr. Cases,* 229.

This rule has been essentially modified, if not overturned by the following provisions of Mansfield's Digest : " *Sec.* 2288. Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment and may be found guilty of any offense included in that charged in the indictment."

*Sec.* 2291. When the proof shows the defendant to be guilty of a higher degree of the offense than is charged in the indictment, the jury shall find him guilty of the degree charged in the indictment."

· " *Sec.* 2177. Where an offense consists of different degrees, a conviction or acquittal by judgment upon a verdict shall be a bar to another prosecution for the offense in any of its degrees." *Compare State v. Nichols,* 38 *Ark.* 550 *; Southworth .v. State,* 42 *Id.* 270 *; Davis v. State,* 45 *Id.* 464.

So that in our law, there is but little room for the operation of the doctrine of merger ; but a person may, at the election of the State, be prosecuted for any crime which can be carved out of his act. ·

1. CRIMINAL PROCEDURE: Two indictments for same offense or matter.    Still it is a fundemental principle, as observed by Cockburn, *C. J. in Regina v. Elvington,* 9 *Cox Cr. Cas.* 86, that out of the same facts a series of charges shall not be preferred. Our bill of rights declares that no person,

for the same offense, shall be twice put in jeopardy of life or liberty. And *Section* 2130 *of Mansfield's Digest* provides: "If there shall be at any time, pending against the same defendant two indictments for the same offense, or two indictments for the same matter, although charged as different offenses, the indictment first found shall be deemed to be suspended by such second indictment, and shall be quashed."

But neither the offense nor the matter can be said to be the same, when the two indictments are so diverse as to preclude the same evidence from sustaining both and when each indictment sets out an offense differing in all its elements from that in the other, though both relate to one transaction. 1 *Bishop Cr. Law, sec.* 1051.

Now murder and the carrying of weapons have no necessary relation to each other. They are not parts or degrees of the same offense; nor do the same ingredients enter into both. A person might at same time commit both offenses and be justly punishable for both. The two indictments would be entirely dissimilar; and a conviction or acquittal upon one would have no effect upon the other prosecution.

*2. Same: Murder and carrying weapons.*

The judgment of quashal is reversed and cause remanded with directions to require the defendant to plead to the indictment.