SPARKS v. STATE.

Opinion delivered November 30, 1908.

CRIMINAL LAW—FORMER CONVICTION.—A former conviction of the offense of gaming does not bar a prosecution for gaming with a minor, though the two offenses grow out of the same transaction, the two offenses being distinct.

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; affirmed.

*Abe Collins,* for appellant.

A conviction in the circuit court for gaming is a bar to a subsequent prosecution in the same court for gaming with a minor growing out of, based upon and embraced in the identical act upon which conviction for gaming was had. Kirby's Digest, § 2514. An act is to be construed as it reads, and it is not permissible to go beyond the plain letter of the statute, unless its meaning can not be ascertained by reading the statute and context. 6 Ark. 9; 24 Ark. 487; 47 Ark. 406; 59 Ark. 237; 56 Ark. 103; 35 Ark. 59; 65 Ark. 535; 74 Ark. 302.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

The two offenses, while they may be committed in the same act, are separate and distinct, and one is not embraced or included in the other. Kirby's Digest, § § 1740, 1939, 1940; 24 Fed. 571: 51 Ark. 170; 53 Ark. 24.

HART, J. On the 24th day of December, 1907, the appellant, Rudson Sparks, committed the crime of gaming in Sevier County, Arkansas, and Clyde Slaton, a minor under the age of twenty-one years, took part in the same game. At the January term, 1908, of the Sevier Circuit Court, appellant was indicted on a charge of gaming, based on and growing out of the above-named act. He entered a plea of guilty, and a fine of ten dollars was assessed against him. Subsequently, at the same term of the court, appellant was indicted for gaming with a minor, based upon the same game for which he had been previously convicted of gaming. To this indictment appellant entered a plea of former conviction based upon the facts above set forth.

The court below declared the law as follows: "A conviction for gaming in the circuit court is not a bar to a subsequent prosecution in the same court for gaming with a minor, growing out, based upon and embraced in the same identical act upon which the conviction for gaming was had." The court found appellant guilty of gaming with a minor, and assessed his punishment at a fine of fifty dollars. An appeal has been duly prosecuted to this court.

Section 2514 of Kirby's Digest reads as follows: "Whenever any party shall have been convicted before any police or mayor's court or before any justice of the peace or circuit court, said conviction shall be a bar to any further prosecution before any police or mayor's court or before any justice of the peace or circuit court for such offense or for any misdemeanor embraced in the act committed," etc.

Under the facts of this case, the only question raised by the appeal is whether the crime of gaming with a minor was embraced in the act committed.

"The established rule is that the former conviction is a bar to the subsequent indictment for any offense of which the defendant might have been convicted under the indictment and testimony in the first case." *State* v. *Nunnelly,* 43 Ark. 70. The same rule is announced in the case of *Ruble* v. *State,* 51 Ark. 170.

The lowest penalty for gaming is ten dollars, and for gaming with a minor fifty dollars. The two statutes are aimed at different sources of evil. The former is intended to suppress gambling; the latter to prevent the corruption of youth of the State. The first indictment was for gaming. That fact was confessed by the plea of guilty. But the confession of this crime does not constitute the crime of gaming with a minor. There is an added element to the latter offense. To sustain a conviction for it, there must also be proof that one of the players was a minor.

In the case of *State* v. *Morris,* 45 Ark. 62, the court in an opinion delivered by COCKRILL, C. J., held that the offense of exhibiting a gambling device created by the first section of the gaming act and that of knowingly permitting the device to be exhibited in a house owned or occupied by the accused, found in the fourth section of the same act, were not the same but distinct offenses; and for that reason required the prosecuting attorney to elect upon which count he would proceed.

In the present case the two acts are intended to suppress different evils. A new element is added to one of them. The punishment is made greater, and we are of the opinion that they are distinct offenses.

The judgment is therefore affirmed.

ON REHEARING.

Opinion delivered January 11, 1909.

HART, J. Counsel for appellant in his motion for a rehearing contends that the crime of gaming with a minor is embraced in the crime of gaming for which appellant was first convicted, and in support of his contention relies upon section 2514 of Kirby's Digest, which reads as follows: "Whenever any party shall have been convicted before any police or mayor's court or before any justice of the peace or circuit court, said conviction shall be a bar to any further prosecution before any police or mayor's court or before any justice of the peace or circuit court for such offense or for any misdemeanor embraced in the act committed; provided, no such conviction before any police or mayor's court shall be a bar unless the penalty imposed is at least the minimum penalty prescribed by the State laws for the same offense or act."

There is much force in his contention, but a careful consideration of the acts shows that such construction was not intended by the Legislature. The General Assembly of 1891 passed an act impowering cities and towns to prescribe the same penalties for violations of their ordinances as are prescribed for similar offenses by state laws by statute. It then provides that whenever a person shall be so convicted said conviction shall be a bar to any further prosecution for such offense, or for any misdemeanor embraced in the act committed. This act was amended by the Legislature of 1897 by impowering all cities and towns to punish any act which the laws of the State make a misdemeanor, and to prescribe penalties for all offenses in violating any ordinance of said city or town not exceeding the penalties prescribed for similar offenses against the State laws by the statutes of the State. Acts 1897, p. 30.

In the case of *Van Buren* v. *Wells,* 53 Ark. 368, it was held "that the same act may constitute an offense against the State and against the municipal corporation within whose limits it is committed, and both jurisdictions may punish it without violating the constitutional prohibition of double punishment." This decision was rendered on June 7, 1890. The act in question was evidently passed to prevent the punishment of the same offense in both the municipal and State courts. This construction is

borne out by the title of the act, which is as follows: "An act to amend an act entitled: "An act to prescribe penalties and render convictions in police and mayor's courts a bar to further prosecution for the same offense, approved March 30, 1891."

The motion for rehearing is denied.