## Champion *v.* State.

Opinion delivered November 3, 1913.

1. Criminal law—former conviction.—Where defendant was convicted in the mayor's court, he can not be convicted of the same

offense in the circuit court. Kirby's Digest, § 5633. (Page 46.)

2. CRIMINAL LAW—SELLING LIQUOR WITHOUT LICENSE—IDENTITY OF OFFENSES—DOUBLE JEOPARDY.—A town ordinance directed against selling liquor by the "blind tiger" device, and the statute of the State against selling liquor without a license are the same, and a conviction under the one, will, for the same offense, bar a prosecution under the other. (Page 47.)

Appeal from Sebastian Circuit Court, Greenwood District; *Daniel Hon,* Judge; reversed.

*Geo. W. Dodd,* for appellant.

The same act was relied on by the State and proved in this case as in the case for running a blind tiger, of which he had been convicted. The plea of former conviction should have been sustained. Kirby's Dig., § 5464; *Id.* 5633.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

The object of the blind tiger statute, Kirby's Dig., § 5140 is not the same as that of the statute under which this indictment was found, Kirby's Dig., § 5093, the first named being intended to suppress the clandestine sale of liquors while the latter is intended to provide for revenue and for regulation of known liquor dealers. 45 Ark. 175, 176; 88 Ark. 520. The plea of former conviction was not sufficient.

WOOD, J. The appellant was convicted in the Sebastian Circuit Court of selling liquor without license and fined in the sum of $100. He entered a plea of *autre fois convict,* which was overruled.

It was admitted by the State that the defendant had been legally convicted by the mayor's court of the city of Hartford, a city of the second class, under an ordinance prohibiting the running of "blind tigers," which ordinance was the same as the State law upon that subject, and a fine of $100 was assessed against him by the mayor's court.

The evidence before the mayor's court and before

the circuit court was the same, the same sale having been proved in both cases by the same witness.

Our statute provides: "Whenever any party shall have been convicted before any police or mayor's court or before any justice of the peace or circuit court, said conviction shall be a bar to further prosecution before any police or mayor's court or justice of the peace or circuit court for such offense or for any misdemeanor embraced in the act committed. *Provided,* no such conviction before any police or mayor's court shall be a bar unless the penalty imposed is at least the minimum penalty prescribed by State laws for the same offense." Kirby's Digest, § 5633.

The penalty imposed on appellant in the mayor's court was not less than the minimum penalty prescribed by the State statute. The court erred in not sustaining appellant's plea of former conviction. It is contrary to principles of natural justice and humanity, and against the policy of the law to multiply or carve different crimes out of only one criminal act. Bishop's New Crim. Law, vol. 1, § 1078.

Our Constitution provides "that no person for the same offense shall be twice put in jeopardy of life or liberty." Const. of Ark., § 8, art. 2. And our statute provides "a conviction shall bar another prosecution for the same offense." Kirby's Digest, § 2298; see also § § 2514 and 5633. Our statute has extended the constitutional guaranty against "twice jeopardy" in treason and felonies to misdemeanors, where liberty is involved.

The statutes against selling liquor without license (§ 5093) and prohibiting the sale of liquor by the device known as the "blind tiger" (§ 5140) are leveled at the illegal sale of liquor, that is, sale without license. In *Glass* v. *State,* 45 Ark. 175, 176, speaking of the "blind tiger" statute, we said: "The history of this legislation is, that after the sale of intoxicating liquors had been prohibited in certain districts, either by special acts or by a vote of the people, refusing to sanction the system

of licensing, or by an order of the county court putting in force the local option law upon a petition of the majority of the adult inhabitants of a given territory, all sorts of contrivances were resorted to to evade the operation of the law. * * * The statute aims to suppress clandestine or indirect sales of liquors in communities where open sales could not be licensed, and also in communities where a license might have been obtained, but the seller undertook to sell without one. The 'blind tiger' statute, in other words, was designed to prohibit the sale of liquor without license where the sale was by a certain specific device designed as the 'blind tiger.' The general statute has the same purpose of prohibiting the unlawful sale, but does not specify any particular method. The proof of a sale without license, in any manner or by any kind of a device, would be sufficient to warrant a conviction under an indictment based on the general statute; but it would require something more to sustain a charge of selling by the device known as the 'blind tiger.' But, notwithstanding the difference in the character of the proof required, the offenses, so far as jeopardy is concerned, are the same when both charges are grounded upon the same act of sale."

The facts of this record bring the case within one of the propositions laid down by Mr. Bishop for determining when the offenses charged are the same, as follows: "If the two indictments set out offenses which are alike and relate to one transaction, yet if one contains more of a criminal charge than the other, but upon it there could be a conviction for what is embraced in the other, the offenses, though of different names, are, within the constitutional protection from a second jeopardy, the same." 1 Bishop's Crim. Law (7 ed.), § 1051.

In the case of *Ruble* v. *State,* 51 Ark. 170, we held that a sale of liquor without a license and a sale to a minor without the written consent of its parent or guardian, are separate offenses, although arising out of one single act or transaction of sale; and in *Sparks* v. *State,* 88 Ark. 520, we held that a former conviction of the

offense of gaming does not bar a prosecution for gaming with a minor, though the two offenses grow out of the same transaction. But those cases are differentiated from the present case by the fact that the offenses charged in those cases, although growing out of one and the same transaction, were entirely unlike.

In *Ruble* v. *State,* the statute under which Ruble was convicted prohibited the sale of liquor without license. The statute under which he was afterward convicted prohibited the sale of intoxicating liquors to a minor without the written consent of his parent or guardian. The purpose of the two statutes was entirely different. One was a general statute against the sale of liquor without license; the other was for the special purpose of prohibiting its sale to minors. Likewise, in the case of *Sparks* v. *State,* the design of one statute was to prohibit gaming generally, and of the other the special purpose of prohibiting gaming with minors.

As was said in *Sparks* v. *State, supra,* the two statutes are after different sources of evil. The former is intended to suppress gaming, the latter to prevent the corruption of the youth of the State. These different purposes of the statute under which the appellants in those cases were convicted, although the offenses arose out of one and the same transaction, rendered the offenses entirely unlike and made them separate and distinct.

But here the purpose of the ordinance and the statute under which appellant was convicted in both cases was precisely the same, viz: that of preventing the illegal sale of liquor. Selling by the "blind tiger" device and selling generally is nothing more nor less, in each case, than the selling of liquor without license; and where there is but one act of sale the offense is one and the same, although committed in different ways. The purpose of the law under each of the prosecutions in this case being the same, and both charges being grounded upon the same act of sale, there was but one offense committed.

The court therefore erred in overruling appellant's plea of former conviction, and the cause is reversed and dismissed.