BINGANAN *v.* STATE.

Opinion delivered February 24, 1930.

*John E. Tatum*, for appellant.

*Hal L. Norwood*, Attorney General, and *Pat Mehaffy*, Assistant, for appellee.

KIRBY, J. This appeal is prosecuted from a judgment of conviction for obtaining money on a check under false pretenses. The appellant was first indicted for forging and uttering a forged instrument in giving the check, and upon appeal to this court, upon a confession of error by the Attorney General, the cause was reversed. *Binganan* v. *State*, 180 Ark. 266. Pending the appeal, the grand jury, without any further directions from the court, indicted appellant for obtaining money under false pretenses by the issuance of the check. He moved to dismiss the indictment as having been returned without authority and pleaded former acquittal.

Appellant contends that the court erred in not quashing the indictment herein, insisting that it was found without authority by the grand jury, since the matter had not been resubmitted to the grand jury by direction of the court after the first indictment was returned. The finding of the indictment for forgery, etc., however, the first indictment, cannot be considered a dismissal of the cause by the grand jury within the meaning of the statute, § 2997-98, C. & M. Digest, (2212-2214, Kirby's Digest), and, if such were the case, the court held in *Marshall* v. *State*, 84 Ark. 90, in construing the statute, that it has no reference to the independent action of the grand jury over such causes, saying: "It contains no limitation upon the duty of that body, after it had been impaneled and sworn, to make its inquiries and presentments as broad as the oath it takes. * * * It is the function of the grand jury, therefore, to investigate and reinvestigate concerning matters within their jurisdiction as often as they 'have knowledge or may receive information,' and the statute under consideration is not intended to limit or restrain that function."

Nor was the plea of former acquittal available to appellant. It is true that he was convicted of the offense for the same act, that of issuing the check upon a bank in which he had never had an account and cashing it, upon which he was convicted forging and uttering the same check as a forged instrument, but he was not put in jeopardy a second time by this trial for the same offense, but for an altogether different one. "The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense." 16 C. J. 295, § 443; *Turner* v. *State,* 130 Ark. 48, 196 S. W. 477; *Woodson* v. *Fort Smith,* 165 Ark. 443, 264 S. W. 934; *Young* v. *State,* 176 Ark. 170, 2 S. W. (2d) 14.

Neither was error committed in allowing the introduction of testimony showing the drawing and issuance of another check, an altogether different one, to another party upon the same bank upon the same day. The court limited the jury's consideration of this testimony with a proper instruction, and told them specifically that they could not convict the defendant of the offense with which he was charged upon that testimony.

The appellant admitted drawing the check, but stated that he did not tell the person to whom it was delivered that he had funds in the bank on which it was drawn, but only that his wife would put the money in the bank to meet the payment. The testimony, however, was sufficient to support the verdict, and, finding no error in the record, the judgment must be affirmed. It is so ordered.