CAMPBELL *v.* STATE.

4579                                    223 S. W. 2d 505

Opinion delivered October 10, 1949.

*J. Allen Eades,* for appellant.

*Ike Murry,* Attorney General, and *Arnold Adams,* Assistant Attorney General, for appellee.

ROBERT A. LEFLAR, J.   E. F. Campbell was convicted of the felony of involuntary manslaughter, and appeals.

J. R. Laney was killed on U. S. Highway 71 near Waldron in a collision between an automobile driven by defendant Campbell and one driven by Laney. Defendant alleges a variety of grounds for reversal of the judgment of conviction of involuntary manslaughter rendered against him for this killing.

(1)   After the collision, the defendant pleaded guilty to an information for drunken driving filed against him

in a Justice of the Peace court in Scott County. It is not established clearly that the drunken driving to which defendant pleaded guilty was identical with his driving at the time of the fatal collision, but it may be assumed that it was. Defendant contends that it was identical, and that the conviction for drunken driving in the Justice of the Peace court bars this later charge of involuntary manslaughter growing out of the same act. This is in effect a plea of former jeopardy. The plea is ineffectual.

In *State* v. *Hall,* 50 Ark. 28, 6 S. W. 20, a defendant was indicted at the same time for murder and for carrying a pistol as a weapon. It was admitted that the two indictments related to the same transaction. In holding that this did not require the quashal of either indictment, the Court said: "But neither the offense nor the matter can be said to be the same, when the two indictments are so diverse as to preclude the same evidence from sustaining both and when each indictment sets out an offense differing in all its elements from that in the other, although both relate to one transaction. . . . A person might at the same time commit both offenses and be justly punishable for both. The two indictments would be entirely dissimilar; and a conviction or acquittal upon one would have no effect upon the other prosecution." In *Whitted* v. *State,* 187 Ark. 285, 59 S. W. 2d 597, a prior acquittal for bank robbery was held not to bar a prosecution for burglary growing out of the same transaction. "Since . . . the offenses charged against appellants were separate and distinct offenses, defined by separate and distinct statutes, and not dependent upon the same evidence to support conviction, the plea of former acquittal is not good, and was properly denied." *Ibid.,* 187 Ark. at 288, 59 S. W. 2d at 598. For cases expressly holding that a former conviction for drunken driving does not bar prosecution for a homicide arising from the same act, see *People* v. *Townsend,* 214 Mich. 267, 183 N. W. 177, 16 A. L. R. 902; *Utah* v. *Empey,* 65 Utah 609, 239 Pac. 25, 44 A. L. R. 558. These are different offenses, related not by definition but only by concurrence in time and space, and the situation here is not one in which the double jeopardy rule applies.

(2)   Defendant contends that he was improperly prosecuted for involuntary manslaughter under Pope's Digest, § 2982, on the ground that the applicability of this section to automobile homicides was superseded by Act 300 of 1937, § 48, appearing in Pope's Digest, § 6706, Ark. Stats. (1947) § 75-1001. This Court held otherwise in *Phillips* v. *State,* 204 Ark. 205, 161 S. W. 2d 747, determining that the State might base its prosecution under such facts on either provision of the statutes. Apart from that, Pope's Digest, § 2982, was amended by Act 169 of 1947 to include expressly deaths proximately resulting from "injury received by the driving of any vehicle in reckless, willful or wanton disregard of the safety of others. . . ." Ark. Stats. (1947) § 41-2209. This was the law under which the present prosecution was maintained.

(3)   Defendant also argues that there was insufficient evidence to sustain a conviction on the essential point of "lack of due caution and circumspection," or "reckless, willful or wanton disregard of the safety of others," in his driving. There was substantial evidence that he was driving while drunk, including not only his own plea of guilty to that charge, but also partly emptied whiskey bottles in his car, his testimony on the stand that he had taken three drinks, and the testimony of other witnesses that he seemed drunk or had whiskey on his breath at the time of the wreck. The decedent's wife, who was beside decedent in his car, testified that defendant was coming toward them fast on the wrong side of the road. The sheriff testified that the skid marks showed that both front wheels of defendant's car were on the wrong side of the road at the point of collision. There was evidence that defendant had bumped other cars a little while before the collision with Laney's car. The evidence is more than ample to sustain the jury's verdict.

(4)   Defendant asserts that there was a marker put up by the State Highway Department near the point of collision, indicating a 55-mile speed limit for passenger cars, and on that basis alleges error in the Court's denial

of a requested instruction to the effect that if the defendant was otherwise in due care, ''and was not driving his said automobile at a greater speed than 55 miles per hour at this given point, then you must acquit this defendant.'' The instruction was properly denied. The governing law requires that ''no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing.'' Ark. Stats. (1947) § 75-601. Speed limits do no more than fix the maximum; they do not grant an indiscriminate license to drive at the indicated speed under any and all conditions, and specifically under the conditions indicated by the evidence in this case. See *Rapert* v. *State, ante,* p. 768, 223 S. W. 2d 192.

(5) Defendant also complains of the Court's denial of proffered instructions dealing with reasonable doubt and the presumption of innocence, but these matters were amply and accurately covered by other instructions given by the Court.

The judgment of the Circuit Court is affirmed.