ANDREWS *v.* VICTOR METAL PRODUCTS CORP.

5-2785                                                  361 S. W. 2d 19

Opinion delivered October 15, 1962.

*Ward & Lady,* for appellant.

*Pickens, Pickens & Boyce,* for appellee.

NEILL BOHLINGER, Associate Justice. The appellant, Clara V. Andrews, brought this action in the Jackson County Circuit Court to recover the sum of $5,700.00 which she alleged was due her by the appellee as damages for her discharge by the appellee. She alleged that she was a member in good standing of a union and that she was discharged without written notice in violation of the contract with the union and the appellee.

Against this contention the appellee has pleaded *res judicata* as a defense alleging that the judgment in Case No. 2040 in the Jackson County Circuit Court under the style of *Clara V. Andrews* v. *Commissioner of Labor, State of Arkansas, Employment Security Division and Victor Metal PRODUCTS* is conclusive as to the issues involved in this case.

The transcript in this case embodies the following judgment upon which appellee relies:

"IN THE CIRCUIT COURT OF JACKSON COUNTY

ARKANSAS

CLARA V. ANDREWS                    APPELLANT

VS. NO. 2040

COMMISSIONER OF LABOR OF THE
STATE OF ARKANSAS, EMPLOYMENT
SECURITY DIVISION, AND
VICTOR METAL PRODUCTS CORPORATION
RESPONDENTS

## JUDGMENT

The matter of the claim for benefits of Clara V. Andrews, S.S. No. 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, appealed from the Board of Review, is presented to the Court for judicial review upon the petition of the said petitioner, Clara V. Andrews, the response of the respondents, Commissioner of Labor, State of Arkansas and Victor Metal Products Corporation, the transcript of the proceedings before the Board of Review and the oral argument of counsel for the respective parties; from all of which the Court finds that the record before the Board of Review of the State of Arkansas contains substantial evidence supporting the decision of said Board in disqualifying the claimant for benefits and the decision should be affirmed by this Court.

It is therefore, by the Court, considered, ordered and adjudged that the decision of the Board of Review entered herein on July 7, 1959 disqualifying the petitioner, Clara V. Andrews, for benefits is affirmed and that the respondents recover from the said petitioner costs herein expended for which execution may issue."

From this judgment we are asked to find that in Case No. 2040 the issues that are presented here were before the Jackson Circuit Court in that cause. The pertinent part of that judgment is:

"*  *  * the Court finds that the record before the Board of Review of the State of Arkansas contains

substantial evidence supporting the decision of said Board in disqualifying the claimant for benefits and the decision should be affirmed by this Court.''

It has been stated so often as to become axiomatic that:

"* * * To render a judgment in one suit conclusive of a matter sought to be litigated in another, it must appear *from the record, or from extrinsic evidence* that the particular matter sought to be concluded was raised and determined in the prior suit; or that it might have been litigated in that case. *Livingston* v. *Pugsley,* 124 Ark. 432, and *Morton* v. *Linton & Plant,* 138 Ark. 297,'' *Gordon* v. *Clark,* 149 Ark. 173, 232 S. W. 19. [Emphasis added]

There is no extrinsic evidence and the record before us shows nothing except that in Case No. 2040, referred to *supra,* there was found substantial evidence supporting a decision of the Board of Review in disallowing certain benefits to claimant and we are left in the field of conjecture as to what was before the Board of Review. Was it something entirely foreign to the case now before us? Was it the particular wages or loss claimed in this action?

In their excellent brief the attorneys for the appellee have ably stated their plea of *res judicata* but as we said in the *Gordon* v. *Clark* case, *supra,* it must appear *from the record.* The statements of counsel we will accept without reservation, but that does not make them part of the record and our conclusion must be based upon the record.

For the reasons stated herein, this cause is reversed and remanded.