Dennis TURNER *v.* STATE of Arkansas

5488                                        452 S. W. 2d 317

Opinion delivered March 30, 1970

[Rehearing denied May 4, 1970.]

*Shaver, Tackett, Young & Patton;* By: *Gene Harrelson,* for appellant.

*Joe Purcell,* Attorney General, for appellee.

Carleton Harris, Chief Justice. The issue in this

case is whether appellant, Dennis Turner, who was tried and acquitted of first degree murder can now be charged and tried for robbery which arose out of the same act. The appellant was charged by the filing of an Information with "willfully, feloniously and violently taking from the person of Larry Wayne Yates, on the 25th day of December, 1968, a sum of money in excess of $300.00 in currency, forcibly and against the will of said Larry Wayne Yates, by intimidating and putting in fear the said Larry Wayne Yates· and while perpetrating robbery, Defendant Dennis Turner did feloniously, willfully, and with malice aforethought, and with premeditation and deliberation, did kill and murder Larry Wayne Yates with a gun * * * in violation of Arkansas Statute 41-2205."

Appellant was acquitted of murder by a jury on April 24, 1969, and was charged by a grand jury indictment on October 3, 1969, with the crime of robbery. The appellant sought dismissal of the indictment on the grounds that it constituted double jeopardy, and *res judicata*. The court denied appellant's motion to dismiss and granted him this appeal. For reversal appellant contends that the doctrines of double jeopardy and *res judicata* preclude a relitigation of the issue of robbery between the state and the appellant. Five points are asserted for reversal, but all relate to these two issues.

On appeal it is stipulated: "That the murder charge, of which Defendant Dennis Turner was acquitted, and the robbery charge arose out of the same set of facts, circumstances, and on the same occasion.

"That the same testimony adduced by the State of Arkansas in the murder trial will necessarily need be reintroduced in this robbery charge."

The information accusing the appellant with murder was two-pronged: (1) that the murder was committed in perpetration of the crime of robbery and (2) that appellant committed the murder "feloniously,

willfully, and with ·malice aforethought, and with premeditation and deliberation." This is permissible by Ark. Stat. Ann. § 41-2205 (Repl. 1964) which is our felony-murder statute.

We disagree with appellant's contentions that the indictment should be dismissed on the principle of double jeopardy. This question was discussed in the Washington case of *State* v. *Barton.* 105 P. 2d 63, and also in the Idaho case of *State* v. *Hall,* 383 P. 2d 602. Both Barton and Hall had been accused of murder in the first degree, it being alleged that each killed a person while engaged in the perpetration of the crime of robbery. In each instance, there was an acquittal on the charge of murder, and the defendants were subsequently charged with robbery. In rejecting the argument of double jeopardy in *Barton,* the Washington Supreme Court said:

"Appellant contends that the offense of murder in the first degree, as charged in the information in the prior case, necessarily includes the offense of robbery; and that, therefore, his acquittal in that case operates as a bar to the information in the present case.

"A person is not put in second jeopardy by successive trials unless they involve not only the *same act,* but also the *same offense.* There must be substantial identity of the offenses charged in the prior and in the subsequent prosecutions both in fact and in law. The same act may be a violation of two different penal statutes, in which case there may be two separate and successive prosecutions against the offender because the offenses are not the same."

Likewise in holding against the contention of double jeopardy in *State* v. *Hall, supra,* the Supreme Court of Idaho said:

"The allegation that the homicide occurred in the perpetration of a felony, does not charge the accused with the commission of the felony referred to, nor

make it an offense included in the murder charge; it merely characterizes the murder as to degree. * * *

"The crime of murder may be committed without the commission of any of the felonies named in the statute, and the allegation that the homicide was committed while its perpetrators were engaged in a robbery does not charge that the robbery was the manner or means by which the murder was accomplished. The murder was charged to have been committed by means of a gun. The robbery was alleged only as a condition or circumstance characterizing the murder as first degree. The robbery was not an 'included offense' in the murder charge. It is clear from the statutory definitions, supra, that murder and robbery are separate, distinct and independent crimes. Neither is the 'same offense' as the other, within the constitutional provision against double jeopardy, and a prosecution for one does not bar a subsequent prosecution for the other on that ground. [Here, cases from thirteen states are cited.]"

The court then quoted from 22 C. J. S., Criminal Law, § 278, (1), Page 717, as follows:

"The test is the identity of the offenses, and not the identity of the occurrences or facts out of which they arise; it is not whether accused has already been tried for the same act, but whether he has been put in jeopardy for the same offense."

It definitely appears that this is the rule followed by a great majority of the states.

Though Arkansas has no exact case in point, the case of *Binganan v. State*, 181 Ark. 94, 24 S. W. 2d 969, is certainly analogous. There, Binganan was convicted for forging and uttering a check, but upon appeal to this court, upon confession of error by the Attorney General, the cause was reversed. Binganan was also indicted for obtaining money under false pretenses by the issuance of the same check. He pleaded

his former acquittal. In rejecting this argument, we said:

"Nor was the plea of former acquittal available to appellant. *It is true that he was convicted of the offense for the same act, that of issuing the check upon a bank in which he had never had an account and cashing it, upon which he was convicted [of] forging and uttering the same check as a forged instrument,*[1a] but he was not put in jeopardy a second time by this trial for the same offense, but for an altogether different one. *'The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense.*[1b] [Citing cases.]"

So, though acquitted on the charge of forgery, Binganan was then convicted of false pretenses, the offense being the writing of the same identical check, and the conviction being based upon the same proof used in the forgery case.

It will be noted that the test set out in *Binganan* is the identical test set out in the general rule heretofore cited. We find no merit in this contention.

Nor do we agree that the robbery indictment should be dismissed under the doctrine of *res judicata.*

There are no criminal cases in this state relative to the application of *res judicata,* but we have several civil cases, and the principle is, of course, the same. The doctrine of *res judicata,* is discussed in several Arkansas cases. In order to sustain a plea of *res judicata,* it must appear that the cause involves the same subject matter as that *determined* or which could have been determined in a former suit between the same parties. The bar of the former judgment extends to those questions of fact and law which were decided in the

[1a]Emphasis supplied.

[1b]Emphasis supplied.

former action or which might have been but were not presented. See *Ozan Lumber Co.* v. *Tidwell,* 213 Ark. 751, 212 S. W. 2d 349; *Andrews* v. *Victor Metal Products Corp.,* 235 Ark. 568, 361 S. W. 2d 19.

In *Hastings* v. *Rose Courts,* 237 Ark. 426, 373 S. W. 2d 583, we said:

" ' "It is undoubtedly settled law that a judgment of a court of competent jurisdiction upon a question directly involved in one suit is conclusive as to that question in another suit between the same parties. *But to give this operation to the judgment it must appear either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit.*[2] If there be any uncertainty on this head in the record—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated, and upon which the judgment was rendered,—the whole subject-matter of the action will be large, and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined.* * *" ' "

Applying the language quoted to the case before us, it is at once apparent that *res judicata* is not applicable. The only question determined in the murder trial was whether Turner was guilty of murder. That question has now been adjudicated. But the question of whether he was guilty of robbery was not adjudicated in the first case, and under our statutes, could not have been determined. Murder and robbery cannot be joined together in one indictment. Ark. Stat. Ann. § 43-1010 (Repl. 1964). In fact, there is no offense that can be jointly tried with murder, although that charge includes both first and second degree murder, and manslaughter. Since Turner could not legally be tried for

---

[2]Emphasis supplied.

the offense of robbery at the same time he was being tried for murder (and was not so tried), his acquittal on the murder charge certainly was not an adjudication of his guilt or innocence on the robbery charge. This question was likewise discussed in the Washington case of *State* v. *Barton, supra,* and also in the Idaho case of *State* v. *Hall, supra.* On the question of *res judicata,* the Washington court said:

"The doctrine of res judicata, as distinguished from second jeopardy, does, as appellant asserts, apply to criminal actions as well as to civil causes; but it is subject to the same limitations. One such limitation is stated in 34 C. J. 969, § 1386, as follows: 'The rule as to the conclusiveness of a judgment in a criminal case is subject to the same exceptions and limitations as those which pertain to judgments in civil actions. * * *'

"* * * It is not possible to determine whether the jurors returned a verdict of acquittal because they credited the testimony in support of appellant's alibi, or for the reason that they found the state's evidence insufficient as to one or more essential elements of the offense charged. They could have utterly disregarded all of the testimony adduced by the appellant in his defense and yet have returned a verdict of not guilty. The verdict and the judgment based thereon were not, therefore, res judicata as to appellant's alibi, nor as to any other particular fact. They were res judicata only as to the ultimate fact that appellant was not guilty of the crime of which he was accused."

The court held that Barton's acquittal on the murder charge did not prevent his being tried on the robbery charge.

In *State* v. *Hall, supra,*[3] the court stated that, though Hall was acquitted of the charge of murder, the issue was never joined between the state and de-

[3]The Idaho statute relative to murder perpetrated while committing a felony, is almost identical with our own.

fendant on the charge of robbery as such, and the defendant could not have been convicted of robbery under that information. It was pointed out that the jury could have found the defendant not guilty of murder, even though the jury might have believed he was a party to the robbery.

How can *res judicata* apply to the robbery charge against Turner, because of his acquittal in the murder case, when the offense charged on that occasion was not robbery—but murder,—and when he could not have even been legally tried for robbery in the same indictment?

From what has been said, it is apparent that we do not agree with appellant's contentions, and we hold that the trial court did not err in refusing to dismiss the robbery indictment against appellant.

Affirmed.

FOGLEMAN, J., concurs; GEORGE ROSE SMITH, BYRD and HOLT, JJ., dissent.

JOHN A. FOGLEMAN, Justice, concurring. I concur fully in the majority opinion on the question of double jeopardy. I would add that *State* v. *Leibowitz*, 22 N. J. 102, 123 A. 2d 526 (1956); *Harris* v. *State*, 193 Ga. 109, 17 S. E. 2d 573 (1941); and *Duvall* v. *State*, 111 Ohio 657, 146 N. E. 90 (1924), are other cases rejecting the plea of double jeopardy in these circumstances.

Even so, I feel that certain comments on statements contained in the dissenting opinion of Mr. Justice Smith are appropriate. I cannot agree with an apparently essential premise of that opinion. Acquittal of the murder cannot, in my opinion, support the argument that the jury might have found that Turner caused Yates' death without felonious intent and without being engaged in the crime of robbery at the time. In that event the jury would have found Turner guilty of involuntary manslaughter, a degree of homicide

which requires no criminal intent or design. *Ringer* v. *State,* 74 Ark. 262, 85 S. W. 410, See Ark. Stat. Ann. § 43-2150 (Repl. 1964); *Arnold* v. *State,* 179 Ark. 1066, 20 S. W. 2d 189; *Allen* v. *State,* 37 Ark. 433.

I do not agree that fundamental fairness requires that the state be barred on the basis of double jeopardy, under existing law. This view would be more acceptable to me if the robbery charged could have been joined with the murder charge or could have been submitted to the jury as an included offense. Fairness is a two-way street. Victims of crime and the people of the state at large are also entitled to fairness in law enforcement. The result reached by the dissent would penalize these interested parties by a decision of a prosecuting attorney to seek to obtain a conviction of the more serious offense where he was not certain that he could produce proof of that offense beyond a reasonable doubt, but felt certain that he could produce the required degree of proof of the less serious offense. An inference may be drawn from the dissenting opinion that the state could properly try the robbery charge first and, if a conviction were had, still prosecute the murder charge, but that an acquittal would bar the murder prosecution. It seems consistent with that theory that conviction of robbery would then be conclusive of that issue in an ensuing murder trial. Be that as it may, it seems much fairer and more logical to me that the state be permitted to try the more serious charge first without the risks involved if double jeopardy were held applicable.

I also agree with the result on the plea of res judicata, the essentials necessary to sustain the plea, and the extent of the bar of the former judgment as stated in the majority opinion. Yet, I respectfully submit that consideration of the plea of res judicata is premature. The question cannot really be determined on the record before us. Furthermore, the prior acquittal of murder is not necessarily res judicata or collateral estoppel on the robbery charge.

In considering the propriety of the circuit court action on appellant's motion to dismiss, it must be kept in mind that the charge of murder on which appellant was tried was described as having been committed in the perpetration of a robbery *or* as a wilful, premeditated and deliberated homicide committed with malice afore-thought. It is also significant that the only record before us consists of the robbery indictment, the warrant issued thereon, appellant's motion to dismiss, and a stipulation. There is nothing to show the form or content of the jury verdict or to indicate what evidence was before the jury.

The stipulation adds nothing to the record not hereinabove set out, except statements that the murder charge and the robbery charge arose out of the same set of facts and circumstances and on the same occasion and that the same testimony as was adduced by the state on the former trial will necessarily be introduced in the robbery trial.

While we have previously held that denial of a motion to dismiss upon the grounds of double jeopardy is appealable, the same rule should not apply to pleas of res judicata and collateral estoppel.

In criminal cases, as in civil, an appeal can only be taken from a final order, i. e., one which dismisses the parties from the court, discharges them from the action or concludes their rights to the subject matter in controversy. *State* v. *Langstaff,* 231 Ark. 736, 332 S. W. 2d 614. The basis for allowance of appeals from denial of motions to dismiss for failure of the state to bring a defendant to trial before the end of the second term after indictment or upon a plea of double jeopardy is that the absolute right of the defendant to discharge has been denied and no subsequent order or judgment of the courts could place him in the position or give him the rights to which he was entitled at the time of the order denying his motion to dismiss. *Jones* v. *State,* 230 Ark. 18, 320 S. W. 2d 645; *Ware* v. *State,* 159 Ark. 540, 252 S. W. 934.

The same situation does not apply to a motion to dismiss on the ground of res judicata. Former jeopardy and a failure to provide a speedy trial are bars to prosecution. Jeopardy attaches upon the swearing of a jury to try the case. *Jones* v. *State, supra.* Failure to bring one to trial within prescribed time limits entitles him to discharge. Ark. Stat. Ann. §§ 43-1708, 1709 (Repl. 1964). Res judicata and collateral estoppel are defenses. Denial of appellant's motion would not necessarily be a final determination of this defense. The plea of res judicata cannot be raised by a motion to dismiss unless the facts and nature of the former adjudication appear upon the face of the complaint. It is an affirmative defense. *Southern Farmers Association, Inc.* v. *Wyatt,* 234 Ark. 649, 353 S. W. 2d 531. In the cited case an attempt to dispose of the case upon its merits by separating this one issue raised by motion to dismiss was held error. The necessity for this approach to this defense arises from the requirement that before the prior judgment can be held to conclude the matter, it must appear on the face of the record or be shown by extrinsic evidence that the precise question at issue was raised and determined in the former suit. If several distinct matters may have been litigated, upon one or more of which the judgment may have passed, the extrinsic evidence must show that the particular question at issue in the subsequent proceeding was involved and determined. *Carrigan* v. *Carrigan,* 218 Ark. 398, 236 S. W. 2d 579.

In *Meyer* v. *Eichenbaum,* 202 Ark. 438, 150 S. W. 2d 958, we adopted the following as one of the two main rules of the doctrine of res judicata:

"* * * (2) Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject-matter of the two suits is the same or not."

Although we have not made clear distinctions in our cases, we recognize that there is more than one aspect to appellant's plea of res judicata. Collateral estoppel has been described as " 'that aspect of res judicata concerned with the effect of a final judgment on subsequent litigation of a different cause of action involving some of the same issues determined in the initial action.' " *People* v. *Roderman,* 34 Misc. 2d 497, 229 N. Y. S. 2d 209 (1962).[1] The most important distinction between collateral estoppel and the parent doctrine is that " 'estoppel is limited * * * to the point actually determined' " while res judicata extends the binding effect of the prior adjudication to matters litigated or which might have been litigated. *People* v. *Roderman,* supra; *People* v. *Cornier,* 42 Misc. 2d 963, 249 N. Y. S. 2d 521 (1964).[2] On the record before us, it is really the doctrine of collateral estoppel, not res judicata, that should be considered.

In order to apply the doctrine of collateral estoppel, a court must determine what questions were determined in the prior proceeding. In the present proceeding, if the grounds on which the acquittal was based cannot be definitely determined, the doctrine of collateral estoppel is not applicable. *People* v. *Cornier,* supra; *People* v. *Roderman,* supra; *State* v. *Hoag,* 21 N. J. 496, 122 A. 2d 628 (1956), aff'd 356 U. S. 464, 78 S. Ct. 829, 2 L. Ed. 2d 913 (1958); *State* v. *Leibowitz,* 22 N. J. 102, 123 A. 2d 526 (1956); Annot., 9 A. L. R. 3d 203 (1966). Appellant urges that the prior acquittal necessarily determined his innocence of robbery. The record before us does not reflect that this is necessarily true or false. There is nothing to show that the jury did not acquit on some other ground, such as that appellant did not kill the deceased or because of a general insufficiency in the state's proof on the issue of death; hence collateral estoppel is not a defense available to the appellant in this case.

It will be seen that in order to sustain a defense

---

[1] [2]For a discussion of these principles see Annot., 9 A. L. R. 3d 203 (1966).

of res judicata or collateral estoppel, it must appear that the subsequent action involves subject matter which was, or could have been determined in the prior action, or that the question of fact was decided, or might have been, but was not, presented in the former action, or that the fact or matter in issue was directly adjudicated or necessarily involved in the determination made in the first action. On the record before us neither bar exists. It cannot be said, with any assurance, that the guilt of appellant of robbery was determined in the prior prosecution. It could not have been directly adjudicated, nor could it have been presented. We can only presume that the jury verdict was one of acquittal of murder in the first degree. For example, so far as the record discloses, the jury might have found that the victim did not die as a result of any act connected with a robbery. The verdict of not guilty could not be any indication of the finding of the jury that Turner did or did not participate in the perpetration of a robbery. It might well have believed that he did, but that the victim died from natural causes or from some other cause wholly unrelated to the alleged robbery. It might also have found that death did not ensue within a year and a day, as required by Ark. Stat. Ann. § 41-2210 (Repl. 1964).

If the murder charge had been joined with the robbery charge, or the two charges consolidated for trial, or if the question of appellant's guilt or innocence of the robbery could have been submitted to the jury separately from the question of guilt of murder, the situation would be different. Permissible joinder of offenses is covered by Ark. Stat. Ann. § 43-1010 (Repl. 1964). It would not permit either joinder or consolidation, the latter being governed by the joinder statute. *Bailey* v. *State,* 227 Ark. 889, 302 S. W. 2d 796, cert. denied, 355 U. S. 851, 78 S. Ct. 77, 2 L. Ed. 2d 59 (1957). Our statutes on included offenses would not permit the jury in the first case to have found appellant guilty of robbery. Ark. Stat. Ann. §§ 43-2149, 2150 (Repl. 1964).

The area of my disagreement with Mr. Justice Holt is rather limited. Not only can I not accept his position that the denial of the plea of res judicata was appealable, I do not agree that the issue is res judicata, rather than collateral estoppel or that the record now before us sustains a plea of either defense. I do not agree that *State v. Greeley,* 30 N. J. Super. 180, 103 A. 2d 639 (1954), or *Harris v. State,* 193 Ga. 109, 17 S. E. 2d 573 (1941), supports his position.

The case of *State v. Greely,* supra, is a decision by the Judge of the Law Division of the Hudson County Court granting a motion to dismiss both on the grounds of double jeopardy and res judicata. The weakness of this authority is demonstrated by the action of the Supreme Court of New Jersey in *State v. Hoag,* 21 N. J. 496, 122 A. 2d 628 (1956), wherein it applied the opinion of the Supreme Court of Washington in *State v. Barton,* 5 Wash. 2d 234, 105 P. 2d 63 (1940), in which it was held that acquittal of first degree murder alleged to have been committed during the course of a robbery was not res judicata in a subsequent prosecution for the robbery. The New Jersey Supreme Court followed the *Hoag* decision in *State v. Leibowitz,* 22 N. J. 102, 123 A. 2d 526 (1956), in denying a plea of double jeopardy and an anticipated defense of collateral estoppel in a case in which there was nothing to show upon which of several questions the previous jury's verdict turned.

While *Harris v. State,* supra, is a decision by a court of last resort, that court, after rejecting the double jeopardy theory, held that the judgment of acquittal of murder in the perpetration of the robbery was conclusive only as to those matters which were in fact in issue and actually or necessarily adjudicated. It indicated that the plea of former acquittal could be sustained only by showing that the defendant could not have been guilty of the crime with which he was subsequently charged without also being guilty of that of which he had been acquitted. The opinion makes it quite clear that the single question involved on the

former trial was whether the defendant participated in the murder and robbery of the deceased. It was emphasized that this was the sole issue that was tried and determined on the first trial. Upon that record, the court properly held this issue to have been adjudicated. It recognized the perplexing question posed by application of the doctrine of res judicata when it reserved the question whether a conviction of murder would have been conclusive of the guilt of robbery in a subsequent trial. There were two dissents from that court's holding on the estoppel.

The better solution of the entire problem might lie in laws which permitted the charge of both felony-murder and of the felony involved to be tried simultaneously and submitted to the same jury. Of course, statutory action would be necessary to accomplish this.

GEORGE ROSE SMITH, Justice, dissenting. The defenses of double jeopardy and *res judicata* are to some extent overlapping and might both be applicable in this case. Freedom from double jeopardy, however is a basic constitutional right. For that reason I prefer to emphasize that defense in disagreeing with the majority opinion.

Upon the stipulated facts there is no question about the relationship between the two offenses with which Turner has been charged. He was first accused of having murdered Larry Wayne Yates in the perpetration of robbery. That trial resulted in an acquittal. Turner is now charged with precisely the same act of robbery that was involved in the first case. He pleads the former acquittal as a bar to the present prosecution.

The problem is whether a second trial would put Turner in jeopardy of being convicted for an offense of which he has already been found not guilty. We have no precedent especially close to the point at issue, but it does seem to me that the reasoning adopted in our earlier decisions sustains Turner's contention in the case at hand.

When the two offenses are so diverse as to have no element in common, of course there is no double jeopardy even though they arise from the same transaction. In *State* v. *Hall*, 50 Ark. 28, 6 S. W. 20 (1887), we found that condition to be true of (a) murder and (b) the carrying of a pistol as a weapon. In *Campbell* v. *State*, 215 Ark. 785, 223 S. W. 2d ⁎505 (1949), we reached the same conclusion with respect to (a) drunken driving and (b) involuntary manslaughter that occurred during the drunken driving.

The issue becomes closer when the two offenses have some element in common, but each contains a necessary element not involved in the other. That was the situation in *Whitted* v. *State*, 187 Ark. 285, 59 S. W. 2d 597 (1933), where the offenses were (a) robbery and (b) burglary in the form of a felonious breaking and entering with intent to rob. We there said that a single act may be an offense against two statutes, if each statute requires proof of an additional fact which the other does not. There we found no double jeopardy, because the accused could have robbed the bank in question without having broken into it or could have broken into it with intent to rob without having consummated that intent. Hence an acquittal upon the charge of robbery did not bar a prosecution for burglary.

Here we have a third, but related, situation. The charge of murder in the perpetration of robbery embraces every element in the crime of robbery, plus the element of a causally-connected homicide. Robbery, on the other hand, contains no additional element not essential to the crime of murder in the perpetration of robbery. What, then, should be the rule in this situation?

Our decision in *Sparks* v. *State*, 88 Ark. 520, 114 S. W. 1183 (1908), dealt with an analogous situation, with the vital difference that the two prosecutions were not brought in the same order as in the case at bar. There Sparks first pleaded guilty to a charge of

gaming and was subjected to a fine of ten dollars. He was then charged with the offense of gaming with a minor, "based upon the same game for which he had been previously convicted of gaming." We held that there was no double jeopardy, upon this reasoning: "The first indictment was for gaming. That fact was confessed by the plea of guilty. But the confession of this crime does not constitute the crime of gaming with a minor. There is an added element to the latter offense. To sustain a conviction for it, there must also be proof that one of the players was a minor."

The *Sparks* case would be applicable here if the appellant had first pleaded guilty to a charge of robbery. That plea would not have shielded him against a further charge of murder in the perpetration of robbery, for, as we said in *Sparks*, "There is an added element to the latter offense." Such a situation does arise when the victim of the robbery dies after the first conviction. See Casenote, 13 Ark. L. Rev. 382 (1959). There is then no double jeopardy.

On the other hand, if Sparks had first been *acquitted* of gaming, he would have had a valid plea of double jeopardy to the charge of having gamed with a minor in the same transaction. That is, he would already have been acquitted of an essential element in the latter offense. Such a situation was presented in *Fox* v. *State*, 50 Ark. 528, 8 S. W. 836 (1888). There we held that an acquittal of robbery was a bar to a charge of false imprisonment in the same transaction, because the offense of simple assault was necessarily included in both charges. "The verdict of not guilty on the trial . . . for robbery was an acquittal of all the minor offenses charged in the indictment. It was therefore an acquittal of the simple assault."

We are now confronted with still a third situation. Turner was first tried upon the more complex charge —that of murder in the perpetration of robbery. He was acquitted. To me the pivotal question is this: What effect should be given to that acquittal? Turner,

on the one hand, argues that it should be treated as a finding of not guilty upon the lesser essential offense of robbery. The State, on the other hand, argues that the acquittal may have been due to the prosecution's failure to prove some fact, such as the death of the alleged victim, that was not an essential element in the crime of robbery. Hence, says the State, a second prosecution should be permissible.

It seems to me that in simple fairness the appellant's position is the sounder of the two. The plea of double jeopardy is a favored plea, *Harp* v. *State,* 59 Ark. 133, 26 S. W. 714 (1894), doubtless because, as we have said, "It is contrary to principles of natural justice and humanity, and against the policy of the law to multiply or carve different crimes out of only one criminal act." *Champion* v. *State,* 110 Ark. 44, 160 S. W. 878 (1913).

It is possible, as the State argues, that Turner was acquitted at the first trial because the jury found that no homicide occurred in the course of a robbery that in itself was proved to the jury's satisfaction. In that case there is nothing unfair in requiring Turner to submit to a second trial, upon the charge of robbery. But it is equally possible, as Turner argues, that he was acquitted because the jury found that he was not engaged in the crime of robbery when he caused Yates's death without felonious intent. In that case a retrial would unquestionably violate Turner's constitutional freedom from double jeopardy, for the State would be able to marshal stronger proof of the very offense that it failed to establish to the jury's satisfaction at the first trial.

It is obviously impossible to answer the question left open by the result of the earlier trial; for it is a question of fact. A second jury cannot be empaneled to hear the same evidence anew and determine upon what basis the first jury arrived at its verdict of not guilty. Yet the situation is wholly of the State's making. It was the State which chose to prosecute Turner upon the more serious of the two available charges. Turner

had absolutely no choice except to defend the charge as best he could. When he prevailed, for a reason that can never be determined in a court of law, he is entitled to invoke the constitutional protection against being tried a second time for the same offense. I would reverse and dismiss.

CONLEY BYRD, Justice, dissenting. Article 2, Section 8, our Constitution of 1874, provides: "No person, for the same offense, shall be twice put in jeopardy of life or liberty."

Our laws defining murder in the first degree and murder in the second degree and the penalty therefor, are contained in chapter 22 of Vol. 4 of Ark. Stat. Ann. (Repl. 1964). Those laws are as follows:

"§ 41-2201. Murder is the unlawful killing of a human being, in the peace of the State, with malice aforethought, either express or implied.

§ 41-2205. All murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of wilful, deliberate, malicious and premediated killing, or which shall be committed in the perpetration of or in the attempt to perpetrate, arson, rape, robbery, burglary or larceny, shall be deemed murder in the first degree.

§ 41-2206. All other murder shall be deemed murder in the second degree.

§ 41-2227. Every person convicted of murder in the first degree, or as accessory before the fact to such murder, shall suffer death (by hanging by the neck) [or life imprisonment].

§ 41-2228. Every person convicted of murder in the second degree shall be sentenced to undergo imprisonment in the penitentiary for a period of not less than five [5] years nor more than twenty-one [21] years.

From a review of the foregoing statutes and our constitutional provisions, it appears to me that, when the State by information charged appellant with murder in the first degree committed while perpetrating the offense of robbery, appellant was put in jeopardy of losing his life or of being imprisoned for life and that the offense of robbery was charged for the purpose of putting his life or liberty in jeopardy for a period beyond the 21 years maximum provided for murder in the second degree, as murder in the second degree is defined in Ark. Stat. Ann. § 41-2206, *supra*, It therefore follows that when the State again charges him with the crime of robbery, they have for the second time put his life and/or liberty in jeopardy for the crime of robbery.

The majority view in effect changes the double jeopardy clause to read that no person shall twice be prosecuted for the same offense. However the Constitution provides, ". . . no person, for the same offense, shall be twice put in jeopardy of life or liberty."

For these reasons I respectfully dissent.

FRANK HOLT, Justice, dissenting. In my view the doctrine of res judicata is applicable in the circumstances. I recognize that the refusal of a plea of res judicata, which is an affirmative defense, is said not to be a final and appealable order in our civil cases. However, in criminal cases we have recognized that the refusal of the plea of double jeopardy is a final and appealable order. *Jones* v. *State,* 230 Ark. 18, 320 S. W. 2d 645 (1959). The reasoning there applies with equal cogency to the plea of res judicata in criminal cases. Although I do not dispute the rationale of the dissents which focus on double jeopardy, I consider the plea of res judicata to be applicable and more appropriate here.

In the case at bar the defendant was tried and acquitted on a two-pronged murder information: murder in perpetration of robbery, and premeditated murder. By this strategy the State theoretically insulates itself

from any attack based upon the plea of res judicata. In other words, the allegation of robbery in this information can never be conclusively determined whether the defendant is adjudged guilty or acquitted. It must be said, however, that the information which accused the appellant of the crime of murder put in issue before a jury the contention that the appellant committed murder in the alleged act of robbery. The allegation of robbery could very well have been a vital and essential ingredient of a fact issue for the jury's consideration. This was to the State's advantage since sufficient proof on this issue would have relieved the State of the burden of proof of premeditation or the deliberate intention to kill. *Rayburn* v. *State,* 200 Ark. 914, 141 S. W. 2d 532 (1940).

The issue of fact as to the commission of a robbery in the perpetration of the alleged crime of murder was certainly presented to the jury for its consideration. The State voluntarily elected to submit the issue of robbery for the jury's consideration. This action could result in a benefit only to the State. Although permissible, it was not required.

In view of the stipulation that the present charge of robbery, which was alleged in the murder information of which the appellant was acquitted, "arose out of the same set of facts, circumstances, and on the same occasion," and that "the same testimony adduced by the State of Arkansas in the murder trial will necessarily need be reintroduced in this robbery charge," I am of the view that the plea of res judicata must apply regardless of the ultimate inconclusiveness of the alleged issue of robbery. The plea of res judicata was applied in situations less compelling than in the case at bar. *Harris* v. *State,* 193 Ga. 109, 17 S. W. 2d 573 (1941), and *State* v. *Greely,* 30 N. J. Super. 180, 103 A. 2d 639 (1954).

I respectfully dissent.